57585, 57783. SHIPMAN v. HORIZON CORPORATION; and vice versa.

BIRDSONG, Judge.

The plaintiff sought recovery on a complaint alleging that defendant had fraudulently induced plaintiff to enter into a contract for the purchase of land located in the Albuquerque, New Mexico area. Defendant answered asserting the defenses of laches and the four-year statute of limitations. Defendant also counterclaimed in two counts. A jury returned a verdict for defendant on the main claim. The court directed a verdict for plaintiff on count one of the counterclaim and the jury returned a verdict for plaintiff on count two of the counterclaim. A judgment was accordingly entered on these verdicts. The plaintiff appeals and the defendant cross appeals. Plaintiff enumerates twenty-nine errors. Defendant on the cross appeal enumerates only that the court erred in directing a verdict for plaintiff on count one of the counterclaim. *Held:*

   *The Main Appeal — Case No. 57585*

1. Seven of the enumerations concern alleged erroneous admissions of testimony given by one of defendant's witnesses, Fred Jacobs, who was the assistant to the vice president of sales.

   a. Jacobs testified that he had been employed by

defendant since 1968; that even prior thereto, he was engaged in the real estate business buying and selling land in the Southwest; that he had visited the defendant's development in New Mexico, the subject of this suit, on many occasions. This witness testified over objection that real estate "on a section line" had more value than property not so situated. The objection was made that the witness had not been shown to be qualified to give an opinion. The evidence was admissible. ". . . One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion." Code § 38-1709. Jacobs' prior experience and his knowledge of the land in question satisfied this rule of evidence. *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1, 4 (76 SE 387).

b. Plaintiff contends that the court erred in three instances in permitting Jacobs to testify as to what he was purportedly *told* by several public officials. An examination of the transcript fails to show that these described enumerations of error ever occurred. No error has been shown.

c. Jacobs testified that plaintiff's property manager gathered certain information for plaintiff on developments in the Albuquerque area. This testimony was objected to as being hearsay. It does not appear in the transcript that the witness Jacobs gathered this testimony from what he had been told by a third person, or from hearsay sources. No error has been shown.

d. Plaintiff states that Jacobs was allowed to testify as to the *contents* of certain newspaper articles on the grounds of hearsay. The citation to the transcript where this error allegedly occurred fails to show any testimony of this description.

e. Jacobs testified concerning the existence or non-existence of minutes of meetings of certain governmental agencies in Albuquerque and that the basis of this testimony was what he had been told by some third person. This testimony was erroneously admitted as it was hearsay. However, plaintiff has the burden on appeal to show error and that the error was harmful. No showing had been made that this testimony harmed plaintiff. Therefore, the error was harmless.

2. The trial court refused to admit evidence that the Federal Trade Commission had issued a complaint against defendant and that defendant had "some problems" with certain attorneys general. Plaintiff argues that this evidence was admissible as it was relevant on the question of fraudulent intent. Similar acts or transactions involving fraud are admissible to show intent. *Deckner-Willingham Lumber Co. v. Turner,* 171 Ga. 240 (155 SE 1). The fact that the Federal Trade Commission had filed a *complaint* or allegations against defendant is not evidence of similar transactions. Equally neutral is the fact that plaintiff may have had *problems* with an attorney general. The trial court properly excluded this evidence.

3. The plaintiff argues that the verdict of the jury was inconsistent. This contention is based on the fact that the jury found for defendant on the main claim which was tantamount to a finding of no fraud; but on the other hand, the jury found in favor of plaintiff on count two of defendant's counterclaim which was for the alleged balance due on the purchase price of the land sold to plaintiff. Plaintiff contends that the jury was obligated to find in favor of one party or the other, but not in favor of both. Verdicts shall not be avoided unless from necessity. Code § 110-105. The presumptions are in favor of the validity of verdicts, and if possible, a construction will be given which will uphold them. *Atlantic &c. R. Co. v. Brown,* 129 Ga. 622 (4) (59 SE 278). The jury could have found in favor of defendant on the main claim on the basis of the defenses of the statute of limitations and laches or on plaintiff's failure to prove fraud. On the counterclaim, the jury could have found under the evidence that defendant had not established the balance due. The verdict here has not been shown to be inconsistent as a reasonable construction can be given to it which shows consistency.

4. One of the allegations of fraud made by plaintiff was the effect of representations made by agents of defendant to plaintiff of the future value of the property purchased by plaintiff. The court charged the jury: ". . . I charge you that the plaintiff must show that the statement was one of fact, not merely opinion. Generally,

statements as to the salability, prospective profits and value are opinions." Plaintiff excepted to this instruction. The charge was correct as the evidence in this connection of expected future profits fall under the head of "dealer talk" or "puffing" which are mere expressions of opinion and cannot be made the basis of a charge of fraud. *Williams v. Fouche,* 164 Ga. 311 (138 SE 580); *Terhune v. Coker,* 107 Ga. 352 (33 SE 394). The case of *Carithers v. Levy,* 111 Ga. 740 (36 SE 958) relied upon by plaintiff is distinguishable from this case. In *Carithers,* the misrepresentation pertained to past profits of a meat market and restaurant and not future expectations which were speculative as here.

5. The evidence shows that the claimed fraud occurred on or before November 17, 1969, and that the plaintiff did not file this suit until May, 1975. It also shows that plaintiff at the time of the alleged fraud was employed as a salesman by defendant. The court charged that the applicable statute of limitations for this action was four years from the date of the alleged fraud. As an exception to the four-year limitation, the court further charged the provisions of Code § 3-807 ". . . that if the defendant was guilty of a fraud by which the plaintiff was debarred or deterred from his action the period of limitation shall run from the time of the discovery of the fraud; that this fraud must be independent of the alleged fraud which gave rise to plaintiff's claim; and that mere concealment of facts by a defendant is not sufficient to prevent the running of the statute of limitations." Plaintiff contends that the part of the charge concerning the exception was erroneous. It was maintained at trial and here that the statute did not begin to run under the facts here until plaintiff discovered the alleged fraud in 1974. Plaintiff relies on two particular *headnotes* contained in *American Nat. Bank v. Fidelity &c. Co.,* 131 Ga. 854 (63 SE 622); and *U. S. Fidelity &c. Co. v. Toombs County,* 187 Ga. 544 (1 SE2d 411). The particular headnote from these cases generally states that where the basis of an action is actual fraud, the mere silence of the party committing it is treated as a continuation of the original fraud and as constituting a fraudulent concealment, and the statute of limitations does not begin

to run against such right of action until the fraud is discovered or could have been discovered by the exercise of ordinary care and diligence. Applying "this" rule literally to the facts here, plaintiff's claim of error could have merit. However, after examining the opinion in each case as opposed to the headnote, it is clear that the Supreme Court did not hold as stated in the respective headnotes. This rule has application where there was a fiduciary relationship which renders it the duty of one possessing the facts to disclose them and silence results in a breach of that duty and amounts to a fraudulent concealment. *Stephens v. Walker,* 193 Ga. 330 (18 SE2d 537). The court's charge on this issue was correct as there was an absence of evidence of any fiduciary relationship here. *Stephens,* supra; *Frost v. Arnaud,* 144 Ga. 26 (2) (85 SE 1028).

6. The plaintiff enumerates as error the court's charging and re-charging the jury on the principle that plaintiff had a duty to exercise diligence in discovering the truth and ascertaining the fraud. Plaintiff admits that the court's charge was correct but argues that the court overemphasized it. We have examined this contention and find that it falls within the holding in *Grasham v. Southern R. Co.,* 111 Ga. App. 158, 163 (9) (141 SE2d 189) that these repetitions in the charge when read in the context with what was charged appear appropriate.

7. The grounds of objection asserted on appeal concerning the court's charge on proof of agency were not raised in the trial court and they will not be considered on appeal. *Bone Const. Co. v. Lewis,* 148 Ga. App. 61 (250 SE2d 851).

8. Appellant enumerates fifteen alleged errors based upon the trial court's failure to charge upon the issue of fraud as it might affect the running of the statute of limitations, reckless misrepresentation by the appellee Horizon Corp., future promises, fraud manifested through circumstances, fraud through the apparent authority of an agent, a principal's liability for acts of agent, and limitations on requirement for diligence caused by confidential relationship created between the contesting parties. We have carefully examined the requested charges and compared them to the charge given by the

court. We are satisfied that the charge given substantially covered all the applicable principles. In fact, the charge was full to overflowing. Both parties got all they were entitled to and divided the overflow equally. If there were errors in the charge, they were inconsequential. *Allen & Co. v. Boyd & McDavid,* 1 Ga. App. 348 (2) (57 SE 939). Moreover, any failure to give the requested charges in the exact language requested is either not error or harmless where the substance of the requested charge was given to the jury in legally correct language. *Jones v. Tyre,* 137 Ga. App. 572, 575 (224 SE2d 512); *Welsh v. Fowler,* 124 Ga. App. 369 (5) (183 SE2d 574); *Hardwick v. Price,* 114 Ga. App. 817 (3) (152 SE2d 905).

9. The trial court did not err in denying the motion for new trial on the grounds discussed in the foregoing divisions of this opinion.

*The Cross Appeal — Case No. 57783.*

10. The notice of appeal was served on the defendant-cross appellant by depositing it in the mail on November 13, 1978. Service was therefore perfected on that date. Code Ann. § 6-902. A cross appeal may be instituted ". . . by filing notice thereof within 15 days from service of the notice of appeal by appellant. . ." Code Ann. § 6-803 (a). The cross appeal was filed on November 29, 1978, sixteen days after service of the notice of appeal by appellant. It was therefore not timely and it must be dismissed. *Venable v. Block,* 138 Ga. App. 215 (225 SE2d 755).

*Judgment affirmed on the main appeal; cross appeal is dismissed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED APRIL 4, 1979 — DECIDED SEPTEMBER 7, 1979 —

*Warren W. Wills, Jr., Bennet D. Alsher,* for appellant.

*Charles M. Kidd, Gwenn E. Dorb,* for appellee.