## 57585. SHIPMAN v. HORIZON CORPORATION.

BIRDSONG, Judge.

Our judgment announced in *Shipman v. Horizon Corp.,* 151 Ga. App. 242 (259 SE2d 221), involving ten divisions, has been affirmed in nine of those divisions but reversed as to Division 5, in *Shipman v. Horizon Corp.,* 245 Ga. 808 (1980), and the case remanded to this court for such further consideration and action as may be necessary to give effect to the decision of the Supreme Court on certiorari as to Division 5.

For a statement of pertinent facts, see 151 Ga. App. 242, supra. In Division 5 of our opinion, this court approved a charge on the applicability of the statute of limitations to a cause of action arising out of alleged fraudulent representations wherein the trial court charged and then recharged the jury, over objection, that the statute would run from the time of the discovery of the fraud but that the critical element of fraudulent concealment must be independent of the alleged acts which gave rise to the plaintiff's claim; and that mere concealment of facts by the defendant is not sufficient to prevent the running of the statute of limitations. 151 Ga. App. 242, at p. 245.

Shipman's complaint alleged inceptive fraud followed by an active course of concealment. The facts tended to support such a course of conduct but did not show an act of fraud independent from

the allegedly fraudulent representations that gave rise to the investment by plaintiff of his money in Horizon's land business other than the continued silence concerning the alleged original misrepresentations. Appellant Shipman contended that where the basis of an action is actual, inceptive fraud, mere silence of the party committing it is treated as a continuation of the original fraud and is the same as a fraudulent concealment. He thus contended that the statute of limitations did not begin to run until he discovered Horizon's alleged fraudulent representations. Horizon on the other hand relied on a principle of law that finds its genesis in conduct that does not reflect inceptive, actual fraud but is based upon constructive, actual fraud such as breach of contract or negligence. In such a case, the statute of limitations may be barred by fraudulent concealment but because there was no actual fraud in the beginning, the fraudulent concealment must be an act of fraud independent from the alleged constructive fraud that gave rise to the claim. There is an exception to the rule that an independent act of fraud will constitute a bar to the running of the statute. A subsequent act of fraud, unrelieved by after-gained knowledge, does not start the statute where there is a duty on the one perpetrating the fraud to disclose the true state of facts or a fiduciary relationship exists between the parties.

It is apparent Shipman was relying on the inceptive fraud theory and Horizon on the constructive fraud concept. Depending on what evidence the jury believed, either theory was appropriate for the jury's evaluation under appropriate instructions. By its opinion in reversing on certiorari, the Supreme Court has clarified what is the correct statement of law applicable to the inceptive fraud theory advanced by Shipman as well as the constructive actual fraud advanced by Horizon. We adopt these rationales and the holding of the Supreme Court as our own.

It follows that the trial court erred in limiting the jury to a consideration of the theory of constructive actual fraud by requiring the jury to find that Horizon had committed an act of fraudulent concealment independent from and thus in addition to the alleged fraudulent statements included in or made by Horizon's promotional advertisements and employee-agents which were alleged to constitute the inducement for Shipman's investment. Not only was this charge not adjusted to the evidence but it could not but have mislead the jury. *Spain v. Spain,* 203 Ga. 411 (2) (47 SE2d 279). See *Haslerig v. Watson,* 205 Ga. 668 (54 SE2d 413); *General GMC Trucks v. Crockett,* 145 Ga. App. 503, 505 (244 SE2d 78). Under the facts and contentions of the parties, it is very probable that the erroneous charge worked serious prejudice to the rights of the appellant

Shipman. We cannot say whether the jury's verdict in favor of Horizon was based upon the running of the statute of limitations because Shipman did not show a separate fraudulent representation or upon a finding that he was aware of the fraudulent character of the original statements, but nevertheless he did not bring his complaint in time. But more importantly, by its charge, the trial court precluded any consideration of the theory of inceptive fraud advanced by Shipman. For the reasons stated, the judgment of the trial court entering judgment against Shipman and in favor of Horizon on Shipman's complaint (Case No. 57585) was error requiring reversal of that judgment. We affirm the remainder of our decision of September 7, 1979, appearing at 151 Ga. App. 242, supra.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED APRIL 4, 1979 — DECIDED JULY 1, 1980.

*Warren W. Wills, Jr., Bennet D. Alsher,* for appellant.
*Charles M. Kidd, Gwenn E. Dorb,* for appellee.