73993, 73994. MOBLEY v. COAST HOUSE, LTD. et al.;
and vice versa.
(355 SE2d 686)

BIRDSONG, Chief Judge.

Tort — Injuries Resulting From Undue Influence and Duress — Summary Judgment. This convoluted case requires a somewhat extensive factual and procedural explanation. In July 1984, Mrs. Mobley executed a sales contract for real estate on St. Simons Island, including a motel (Craft's Court), to the appellee Davis. Davis offered to share this inchoate interest with Coast House, Ltd. and Sandease, Ltd., the financial backers who comprised the other corporate and private individual appellees and who apparently were interested in land development. The remainder of the purchase price of $1,500,000 was to be paid at time of closing on May 31, 1985. The closing was to take place in the law offices of the appellee Miles (apparently representing Coast House). Mobley was not present but was represented by her attorney, Rolleston. The purchaser Davis also was present and represented by appellee Allen, a member of the appellee Nightingale law firm. After extended discussions in Miles' office, the closing aborted. Rolleston, Mrs. Mobley's attorney, left the Brunswick area around 5:30 p.m. to return to Atlanta. After Rolleston left, Davis and appellee Curry (one of the developers), both of whom were interested in closing on the purchase to protect their substantial interest in the land development, individually approached Mrs. Mobley at her home to persuade her to sell the property in accordance with the terms of the sales contract.

Prior to these preliminary but unsuccessful negotiations, Miles had gone to appellee Phelps (an officer of the appellee First Federal Savings Bank) and drew a check in the amount of $1,500,000 from a real estate escrow fund. At this time, approximately 7:00 p.m. May 31, 1985, Davis and Curry were joined by appellees Mrs. Jones and Mrs.

Curry. The attorneys Miles and Allen also drove to the location but remained outside the house in a car. The $1,500,000 check was tendered to Mrs. Mobley by one or more of the developers with insistent and repetitive demands that the sale be consummated. Mrs. Mobley was repeatedly warned that failing a sale she would be sued and lose not only the property but would incur additional losses as well based upon damages arising out of breach of contract. Ultimately, Mrs. Mobley accepted the check and signed over the deed to the real estate. Because there had been no notary present at the closing, the next day Mrs. Mobley affirmed her signature and the validity of the transaction. A short while later Mrs. Mobley sold the personalty and fixtures of the motel to the appellees for the sum of $10,000.

On June 5, 1985, Mrs. Mobley filed a complaint seeking in Count 1 to cancel her warranty deed to Coast House on the ground she signed it under duress and undue influence. In Counts 2 and 3, Mobley sought general and punitive damages arising out of the physical and mental stress caused by the duress and undue influence caused by Mr. and Mrs. Curry, Mrs. Jones and Davis on and after 7:00 p.m. May 31, 1985. She asserted these four acted in conspiratorial concert with attorneys Allen (and his law firm), Miles and the bank with its officer Phelps (in furnishing the $1,500,000 check), the totality of such acts pressuring her to transfer her property in order to protect their significant financial investment in the development scheme which depended wholly on a successful purchase of Mrs. Mobley's property.

Subsequently, the trial court offered Mrs. Mobley the opportunity to pay into the registry of the court the purchase amount of $1,500,000 before proceeding with her equitable complaint to set aside the deed. Mrs. Mobley had already dispersed a large portion of this money and declined to pay any money into the registry of the court. The trial court then dismissed Count 1 of the complaint seeking cancellation of the deed. Mrs. Mobley unsuccessfully appealed this dismissal of Count 1 to the Supreme Court. *Craft's Ocean Court v. Coast House, Ltd.*, 255 Ga. 336 (338 SE2d 277). The case was remanded to the trial court for trial on the two remaining counts, involving the tortious injury arising out of the duress and undue influence.

Prior to the trial, extensive discovery (approximately 2,000 pages) was developed by Mrs. Mobley and the defendants. Mrs. Mobley's counsel Rolleston unsuccessfully moved for the disqualification of one of the defendant's counsel because of an alleged conflict of interest. A counter-move to disqualify Rolleston (Mrs. Mobley's attorney) was made by the defendants, contending Rolleston had a pecuniary interest in the real estate under litigation and was a necessary witness in the pending litigation. Subsequently, each of the defendants moved for summary judgment on the grounds that there had been no *legal*

duress or undue influence and that Mrs. Mobley had ratified the contract of sale even if duress had occurred. On April 1, 1986, the trial court granted the motions of each of the defendants for summary judgment but denied the defendants' motion to disqualify Mobley's attorney Rolleston.

Mrs. Mobley filed her notice of appeal to the grants of summary judgment in the Supreme Court on April 11, 1986. The records of this court reflect that the defendants filed on May 13, 1986, a motion for an interlocutory appeal to the trial court's refusal to disqualify Rolleston. This motion for interlocutory appeal was denied by this court on May 29, 1986. Thereafter, a notice of cross-appeal on these same grounds was filed in the Supreme Court on August 25, 1986. Mrs. Mobley has moved to dismiss the cross-appeal as having been untimely filed. The appeal by Mobley and the cross-appeal by the defendants has been transferred from the Supreme Court to this court for final disposition. *Held*:

### Case No. 73993

In her main appeal Mrs. Mobley urges error in the grant of summary judgment to each of the defendants and advances several predicates for her enumeration. As the first basis for her contention Mrs. Mobley contends there are clear issues of fact as to whether undue influence and duress were involved. However, it is clear that the alleged "threats" dealt only with a threatened action at law for breach of contract. Our review of the record shows that each person present on May 31 only made threats to institute a legal action for specific performance and if necessary to recover damages for the breach of the real estate contract. Under Georgia law, threats to take legal action provide no basis for duress and are not actionable in tort. *Fields v. Thompson*, 164 Ga. App. 331 (297 SE2d 100). This court has concluded that an act must be wrongful to constitute duress and it is not duress to threaten to do what one has a legal right to do. The threat to bring a civil proceeding against the person is not duress in a legal sense. *Cannon v. Kitchens*, 240 Ga. 239 (240 SE2d 78); *Stroup v. Robbie Jon Dev. Corp.*, 159 Ga. App. 652 (284 SE2d 667). Thus we must conclude that the "threats" associated with institution of a civil suit cannot and do not constitute duress and are not actionable in tort. On the basis of this ground it follows the trial court properly entered summary judgment on behalf of each defendant.

Even assuming there remain factual issues concerning duress and undue influence based upon abusive, loud or angry declarations, Mrs. Mobley has ratified by her actions the sale of the real estate in question. Mrs. Mobley could have affirmed the contract and sued for damages for fraud or could have returned the proceeds and sued for revo-

cation of the contract because it was procured through duress and undue influence, but neither of these courses of action is available to her where she affirms the contract but does not return the proceeds. Mrs. Mobley's failure to restore the moneys received as a result of the alleged fraud, evidenced by her refusal to pay the purchase price into the registry of the court (OCGA § 13-4-60), when considered with her actions following the transfer of the land, established conclusively that she has affirmed the contract. On the day following the transaction, Mrs. Mobley ratified the documents which had been executed in the presence of a notary public. She executed a covenant not to sue. She acknowledged in the presence of others that she had sold the motel. She took proceeds from the sale and deposited those proceeds into a certificate of deposit. She distributed a portion of the proceeds she had received. She vacated the premises and ceased taking responsibility for the upkeep and maintenance of the premises. Less than a month later, she sold to the defendants all personalty and fixtures associated with the operation of the motel. Any one of these acts would have been sufficient under Georgia law to constitute ratification. *Tidwell v. Critz*, 248 Ga. 201 (282 SE2d 104); *Tuttle v. Stovall*, 134 Ga. 325 (67 SE 806); *Edwards v. Robinson-Humphrey Co.*, 164 Ga. App. 876 (298 SE2d 600). For this reason also we must conclude the trial court did not err in granting summary judgment to the several defendants.

Mrs. Mobley also asserts that there was a conspiracy to coerce her into transferring the property. We likewise must reject this basis for duress. The averment of a conspiracy does not change the nature of the tort or add to its legal force or effect. The gist of the action is not the conspiracy alleged but the tort committed against the plaintiff and the damage thereby done wrongfully. Where damage results from an act which, if done by one alone, would not afford ground of action, the same act would not be rendered actionable because done by several in pursuance of a conspiracy. *McElroy v. Wilson*, 143 Ga. App. 893, 895 (2) (240 SE2d 155). There being a legal right to threaten a lawsuit for breach of contract, even assuming a conspiracy to make such threats, affords Mrs. Mobley no cause of action.

Mrs. Mobley also contends that by ruling on several of the motions for summary judgment on April 1, 1986, only six days after those motions for summary judgment had been filed, Mrs. Mobley was denied the 30 days mandated by OCGA § 9-11-56 (c) between the service of the motion and the time affixed for hearing.

The record reflects that when the trial court inquired of counsel the best time available to hear the several pending motions, Mrs. Mobley's attorney expressly asked the court to rule upon all motions for summary judgment at one time, namely on April 1, 1986. No mention or objection was made by the attorney that only six days had

expired between the time of filing and the time of ruling on certain of the motions. It is clear that this 30-day requirement can be waived. Unless the record unequivocally demonstrates that the respondent fails to raise the procedural defect at the hearing, the trial court's entry of an order on the motion prior to the expiration of 30 days is waived. See *Connell v. Connell*, 119 Ga. App. 485, 488 (4) (167 SE2d 686). See also *Dixon v. Midland Ins. Co.*, 168 Ga. App. 319 (309 SE2d 147). We must conclude therefore that any defect as to the timeliness of the granting of the disputed motions for summary judgment has been waived. Moreover, we foresee no prejudice resulting to Mrs. Mobley by the timing of these disputed rulings for summary judgment since the remaining motions for summary judgment filed by the other defendants dealing with the same issues had been pending for more than 30 days thus giving appellant Mobley the opportunity fully to contest the issues raised in all of the motions for summary judgment.

### Case No. 73994

The appellants in the cross-appeal (defendants below) contend the trial court erred in refusing to disqualify Mrs. Mobley's attorney Rolleston. While our review of the record raises much doubt as to whether Rolleston would have been a necessary witness upon the now dismissed trial of the issue of duress and undue influence (he not being present at the time these acts occurred) and his asserted pecuniary interest may be inchoate at best and unrelated at worst, we need not consider the merits of these arguments. The facts show, contrary to the assertion of the defendants, that in civil action 28648 and 28597 in the Superior Court of Glynn County an order was issued in which all motions to disqualify counsel were denied. This order was signed by the trial judge and dated April 1, 1986. The order further reflects that it was filed in the office of the Glynn County Clerk at 4:40 p.m. on April 1, 1986. This date becomes significant in that the cross-appellants contend the order was oral, unsigned and not filed in the clerk's office until early May 1986. We are required to accept the certified record as evidence of transactions rather than statements in briefs of counsel. The record further reflects that Mrs. Mobley filed her notice of appeal to the grants of summary judgment (also occurring on April 1, 1986) in the Supreme Court of this state on April 11, 1986. For reasons which are not clear, the cross-appellants filed a motion for an interlocutory appeal in this court on May 13, 1986 even though the main appeal in this case had already been filed in the Supreme Court. As indicated hereinbefore, this motion for interlocutory appeal was denied by this court on May 29, 1986. Ultimately a notice of cross-appeal was filed in the Supreme Court on August 25, 1986.

Notwithstanding, the order contained in the record shows that the trial judge signed the order denying the motion to disqualify Rolleston was dated April 1, cross-appellants now contend that the order was not signed and filed in the Glynn County Court until early May. They continue their contention that the notice of appeal filed in this court on May 13, 1986 was within the 15 days allowed for the filing of a cross-appeal. Cross-appellants further contend that because Mrs. Mobley in August 1986, successfully moved the trial court to allow her to amend her notice of appeal merely to change the designated parts of the record necessary to her appeal and thus to delete certain portions of the record, this constituted a novation or extension of her original notice of appeal of April 11, 1986. From this it is argued that because they filed their notice of cross-appeal within 15 days of the trial court's grant of Mrs. Mobley's change in the designated portion of the record in her notice of appeal, their appeal in the Supreme Court likewise was filed in a timely fashion.

We must reject each of these tenuous and even ingenious arguments. The filing of the motion for interlocutory appeal in this court was not the filing of a cross-appeal to the main appeal which was in the Supreme Court. Even if we were to stretch our imagination, the interlocutory appeal was not filed until May 13, which was over a month after Mrs. Mobley had filed her notice of appeal in the Supreme Court. Thus even if we could give credence to cross-appellants' contention, nevertheless we would find the filing of the notice of appeal in this court as being belated.

The filing of the cross-appeal in the Supreme Court on August 25 must be related to the original notice of appeal filed by Mrs. Mobley on April 11. It cannot draw life from a mere modification of the notice of appeal reducing the amount of record as originally noticed in the original appeal. It follows that the filing of the notice of cross-appeal on August 25, 1986 is far beyond the 15 days allowed for the filing of such a cross-appeal. Accordingly, we will grant the motion by Mrs. Mobley to dismiss the cross-appeal as having been improvidently filed. See *Shipman v. Horizon Corp.*, 151 Ga. App. 242, 247 (259 SE2d 221) reaffirmed in eo nomine 155 Ga. App. 126, 128 (270 SE2d 473); *Dalton American Truck Stop v. ADBE Distrib. Co.*, 146 Ga. App. 8, 10 (245 SE2d 346). The unclear statement by Mrs. Mobley that penalty for the improper filing (construed to be a motion) should be assessed against the cross-appellants is denied.

*Judgments affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 9, 1987 —
REHEARING DENIED MARCH 24, 1987 —

*Moreton Rolleston, Jr.,* for appellant.

*Austin E. Catts*, for appellees.