40831.   STEIN STEEL & SUPPLY COMPANY v. BRIGGS MANUFACTURING COMPANY.

490

DECIDED SEPTEMBER 29, 1964—REHEARING DENIED
OCTOBER 15, 1964.

*Fine & Rolader, D. W. Rolader,* for plaintiff in error.

*Gerstein & Carter, Joe W. Gerstein,* contra.

EBERHARDT, Judge. ■ The central issue here and the only substantive one is whether the matter pleaded by Stein Steel in its cross action and its amended answer is a legally sufficient defense to an action on open account. These allegations show that Stein is relying on its agreement with Briggs to return the merchandise as an accord and satisfaction. An accord and satisfaction is legally valid as a defense either when it has been fully executed or when it is separately enforceable under the usual contract rules.

■ Absent a valid consideration there was no accord and satisfaction as to the unexecuted portion of the agreement that the merchandise might be returned for credit. *Code* § 20-1203; and see 1 EGL 160, Accord & Satisfaction, § 7. And this is true though there had been a part performance by a return or a shipping of a portion of it to others upon instruction from the creditor. *Taylor v. Central of Ga. R. Co.,* 99 Ga. App. 224 (108 SE2d 103), and citations. The contract being one admitting of apportionment, however, it may be observed that the part performance could be pleaded as a defense pro tanto if the debtor

had not received credit for the merchandise actually returned or shipped to others. *Code* § 20-1103.

■ The consideration relied upon by Stein is its rights growing out of the alleged breach of the contract which it had for an exclusive distributorship when Briggs appointed another distributor in the same area for its products. For the breach to constitute a consideration supporting the agreement that merchandise previously purchased might be returned for credit it must appear that the exclusive distributorship agreement was valid and binding. Under a factual situation similar to that here presented it was held in *Huggins v. Southeastern Cement Co.,* 121 Ga. 311 (48 SE 933) that the unexecuted portion of the agreement for return was unilateral and unenforceable. To the same effect is *Mountain City Mill Co. v. Cobb,* 124 Ga. 937 (53 SE 458), where Cobb was appointed exclusive distributor of "White Satin" flour but the mill sold flour to one of his business rivals. Again, the court refused to allow Cobb's attempted recoupment in an open account action, holding the contract to be unilateral. *Chappell v. F.A.D. Andrea, Inc.,* 41 Ga. App. 413 (153 SE 218) presented the same factual pattern and the court held that not only was the contract involved unilateral and not binding, but also was too indefinite as to time. And see, *Miami Butterine Co. v. Frankel,* 190 Ga. 88 (8 SE2d 398).

Since the original contract was not binding, its breach could not provide the consideration for the subsequent agreement between the parties that the defendant would be given credit for a return of the merchandise previously shipped to it, and there was no enforceable accord and satisfaction.

The decision of the Supreme Court in a collateral action by Stein seeking recovery for breach of the contract and an injunction against further proceedings in this case is not contrary to this holding. The court did not pass on the merits of the defense but merely held that there was no ground for equitable relief "since all contentions made can be pleaded in defense of the suit . . ." in the Civil Court of Fulton County. *Stein Steel &c. Co. v. Briggs Mfg. Co.,* 219 Ga. 779 (135 SE2d 862).

The attempted cross action and subsequent amendment to its answer by Stein setting up this defense was not legally sufficient and both were properly stricken on demurrer.

■ Stein lays great stress on the fact that the general demurrer to the amendment to the answer was filed almost nine months after the amendment was filed. We cannot take judicial notice of Rule 28 of the Civil Court of Fulton County dealing with demurrers to answers relied on by Stein. *Wilson v. Barrow,* 107 Ga. App. 555 (5) (130 SE2d 812). Even assuming that rule[1] was before us and considering the provisions of *Code Ann.* § 81-301,[2] and *Code* § 81-1312,[3] the plaintiff may still generally demur to an answer or amendment thereto at any time before verdict. *Bigelow-Sanford Carpet Co. v. Goodroe,* 98 Ga. App. 394 (2) (106 SE2d 45), *Norton v. National Commercial Bank &c. Co.,* 109 Ga. App. 867 (137 SE2d 570). The court did not err in overruling the motion to dismiss plaintiff's general demurrer to the amendment.

■ ■ Should the plaintiff's motion for summary judgment have been denied because a previous motion by plaintiff had been denied? We do not think so. It was held in *Suggs v. Brotherhood of Locomotive Firemen & Enginemen,* 106 Ga. App. 563 (127 SE2d 827) that "[t]he overruling of the defendants' first motions for summary judgments was not a bar to their second motions for the reason that the first motions did not require a decision as to the applicability of article 30 of the employment agreement since that defense was not properly pleaded, whereas, the second motions did raise this issue." The Federal authorities hold that consideration of a second motion is in the discretion of the trial judge, especially where there has been a change in the pleadings, etc., as there was here. See Beedy v. Washington Water Power Co., 238 F2d 123 (9th Cir.); 6 Moore's Fed. Practice, § 56.14 [2]. There was no error in entertaining the second motion.

■ The posture of the case with both the cross claim and

---

[1]Providing that demurrers to amendments shall be filed within 15 days.

[2]Providing in part that "all demurrers of the plaintiff to the defendant's answer or other pleas shall be filed within 15 days after such defensive pleadings are filed.

[3]Providing, inter alia, that "The opposite party shall be allowed a reasonable time for answering such amendment."

amended answer stricken on demurrer is to leave only a general denial of the indebtedness. Briggs' motion for summary judgment attaching affidavits attesting to the correctness of the account and of the averments in the original petition pierced the denial of the indebtedness. The only affidavit offered by Stein contained the same matter as that previously pleaded in the cross action and the amended answer, and stricken on demurrer. The general denial contained in defendant's answer did not serve to make the factual issue required by the Summary Judgment Act.

There was no error below.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*