45763.  CITIZENS & SOUTHERN NATIONAL BANK
OF GEORGIA et al. v. BAUMGARTNER.
45764, 45765.  CITIZENS & SOUTHERN NATIONAL BANK
OF GEORGIA v. PADGETT (two cases).

PANNELL, Judge. Where motions for summary judgment by defendants as to a two-count petition are overruled and an appeal by the defendants is entered to such ruling and pending the appeal another motion for summary judgment based upon additional evidence, together with the same evidence as presented on the prior motions, is presented by these same defendants and other defendants and is sustained as to the first count of the petition and overruled as to the second count, and an appeal is entered by the defendants as to the overruling of the motion for summary judgment as to the second count of the petition (case numbers 45908, 45910 and 45912) and cross appeals are entered by the complainant (case numbers 45909, 45911 and 45913) as to the ruling sustaining the motions for summary judgment as to the first count of the petition, the appeals entered to the first motions for summary judgment have become moot. Accordingly, these appeals must be dismissed.

*Appeals dismissed. Bell, C. J., Jordan, P. J., Hall, P. J., Deen and Whitman, JJ., concur. Evans, J., dissents. Eberhardt and Quillian, JJ., disqualified.*

ARGUED NOVEMBER 2, 1970—DECIDED MARCH 11, 1971.

*Bennet, Gilbert, Gilbert & Whittle, Richard M. Scarlett, Wallace E. Harrell,* for appellants.

*Alton D. Kitchens,* for appellees.

EVANS, Judge, dissenting. I dissent from the majority opinion because I do not believe these cases are moot. Where a defendant files a motion for summary judgment against a plaintiff, and then files another motion for summary judgment against the same plaintiff, and both motions for summary judgment grow out of the same case in the same court, if either motion for summary judgment is moot I believe it is the second motion and not the first.

Here three suits for damages were filed by separate plaintiffs against one defendant in the lower court. The defendant filed separate motions for summary judgment against each plaintiff. These motions were heard in the lower court and denied as to the second count of each complaint, and defendant, by timely permission of the trial court, then appealed to this court. Before this court decided these three motions for summary judgment, the defendant filed a second motion for summary judgment against each plaintiff, and after a hearing in the trial court, the defendant again, by permission of the trial court, appealed the last three cases to this court.

I cannot agree with the majority in its conclusion that the first cases are moot. I find no law that suggests one party may bring a motion for summary judgment against his adversary, *and while said motion is pending,* bring another motion for summary judgment against the same adversary in the same case. It would constitute harassment of a party if his opponent could bombard him with separate motions for summary judgment each time he desired to raise a new point, and thus require such opponent to defend against multiple motions for summary judgment at the same time. Nor is there much excuse for allowing a second motion for summary judgment by the same party, even after the first motion has been decided unfavorably, although there are certain pre-

scribed conditions under which such second motion may be brought after termination of the first motion.

In 6 Moore's Federal Practice 2103, § 56.08, it is stated that: "The court may deny a defendant's motion for summary judgment without prejudice to its renewal at trial." And in § 56.14 [2] it is stated: "And in the exercise of a sound discretionary power the court, in a proper case, may deny a motion for summary judgment without prejudice to a later renewal—even to a renewal at trial; . . ." Citing the foregoing authority, this court, in *Suggs v. Brotherhood of Locomotive Firemen* &c., 106 Ga. App. 563, 564 (127 SE2d 827) held: "If a motion for summary judgment is unsuccessful, the court has the power to permit a second motion for summary judgment prior to trial, *when a proper showing therefor is made.*" (Emphasis supplied.)

And again in *Stein Steel &c. Co. v. Briggs Mfg. Co.*, 110 Ga. App. 489, 493 (138 SE2d 910) this court stated: "The Federal authorities hold that consideration of a second motion is in the discretion of the trial judge, *especially where there has been a change in the pleadings, etc., as there was here.*" (Emphasis supplied.) Thus, the farthest in this direction this court has gone is to hold that *after the termination of the first motion for summary judgment, the trial court's discretion may be invoked, when the circumstances authorize it, to permit a second motion for summary judgment to be filed.* But this is vastly different from the situation in the case sub judice, wherein separate motions for summary judgment have been filed by the same party against the same adversary without a determination of the first motion. Hence we do not reach the question as to whether the trial judge might have exercised his discretion to permit the filing of the second motion, as that can be done only when the first motion has been decided.

The following Georgia statute applies to suits and not to motions for summary judgment, but I believe the reasoning involved is likewise applicable to motions for summary judgment. *Code* § 3-601. "Plaintiff required to elect between suits. No suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if

commenced simultaneously: *and the pendency of the former shall be a good defense to the latter, if commenced at different times."* (Emphasis supplied.)

In the enactment of *Code* § 3-601 our lawmakers clearly expressed themselves to the effect that a litigant should not be subjected to two suits for the same cause of action at the same time, and clearly announced as to which one of these suits would be good and which would be bad, to wit: the first suit would be good and the last suit would be bad.