50003. PEOPLES FINANCIAL CORPORATION OF ROME v. JONES.
50004. PEOPLES LOAN & FINANCE CORPORATION OF ROME v. McCLELLAN.

QUILLIAN, Judge.
The instant appeals involving the same point of law

shall be referred to in the singular and with reference to 50003. The plaintiff brought an action on a contract seeking recovery of principal, interest, attorney fees and court costs. After defendant answered, plaintiff filed a motion for summary judgment on May 1, 1974. Affidavits supporting such motion and in opposition thereto were filed.

Insofar as the record reveals, no hearing was held on this motion. On July 19, 1974, the defendant moved for summary judgment. On August 6, 1974, the trial judge entered a judgment which recited: "The defendant's motion for summary judgment is, after argument and consideration thereof, hereby granted." Appeal was then taken to this court. *Held:*

The parties have stipulated "that no oral argument was ever heard on any aspect of this case." The plaintiff argues the judgment was invalid because of the failure to comply with CPA § 56 (c) (Code Ann. § 81A-156 (c); Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238). That section provides: "The motion shall be served at least 30 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits."

Rule 56 (c) of Federal Rules of Civil Procedure is identical except 10 days instead of 30 days is specified. As pointed out by cases cited in 6 Moore's Federal Practice 2255, § 56.14 (1), it is error to grant a motion for summary judgment without affording the opposite side the time provided or without giving notice or the opportunity to be heard. See Bowdidge v. Lehman, 252 F2d 366; Enochs v. Sisson, 301 F2d 125; Scott v. Courtesy Inns, Inc., 472 F2d 563; Mustang Fuel Corp. v. Youngstown Sheet and Tube Co., 480 F2d 607. Since this so obviously comports with the spirit of the Civil Practice Act, we unhesitatingly adopt this interpretation.

Here in a brief filed after the grant of the motion plaintiff's attorney recited: "At a pretrial hearing counsel for both parties agreed that the question to be decided in this case was the effect of the Sniadach v. Family Finance Corp., 395 U. S. 337, 89 SC 1820, 23 L. Ed. 2d 349 (1969); Fuentes v. Shevin, 407 U. S. 67, 92 SC 1983, 32 L. Ed 2d 556 (1972) line of cases on peaceful self-help repossession of personal property pursuant to a contract; and that

briefs would be submitted on this question and that the Judge's decision on the parties' Motions For Summary Judgment should be based on these briefs." Despite this language which eliminates any requirement for oral argument, the judgment here was rendered only 18 days after the motion was filed, there is no showing that the plaintiff was notified either with regard to the time for hearing or particularly as to any deadline concerning when briefs must be filed or when judgment would be rendered. Furthermore, there is no showing that the plaintiff waived his rights or acquiesced in such procedure. We are therefore constrained to find that the judgment rendered less than 30 days after the motion was erroneous.

*Judgments reversed. Pannell, P. J., and Clark, J., concur.*

SUBMITTED JANUARY 9, 1975 — DECIDED APRIL 28, 1975.

*Maley & Crowe, M. Douglas Mann,* for appellant.
*W. Ben Ballenger,* for appellee.