## 58097. SMITH et al. v. CONLEY et al.

SMITH, Judge.
The trial court sustained appellees' motion for summary judgment as to their complaint and their motion to dismiss appellants' counterclaim. We reverse in both instances.

1.  The court granted appellees' motion for summary judgment without holding a hearing or fixing a time for a hearing on the motion and without giving appellants notice of the time when judgment would be rendered. That procedural shortcoming requires reversal. CPA § 56 (c) (Code Ann. § 81A-156 (c)); *Peoples Financial Corp. v. Jones,* 134 Ga. App. 649 (215 SE2d 711) (1975); Enochs v. Sisson, 301 F2d 125 (5th Cir. 1962).

2.  The trial court also erred in granting appellees' 12 (b) (6) motion. CPA § 12 (b) (6) (Code Ann. § 81A-112 (b) (6)). In their counterclaim, appellants have stated a claim for malicious abuse of process. "[A] counterclaim for malicious abuse of civil process presents a valid cause of action subject only to the presentation of sufficient evidence to sustain the defendant's burden of proof . . . Since the allegations of the instant counterclaim were sufficient to meet the requirements of notice pleading, and it is not premature, the questions raised therein should be left for the trier of fact to consider . . ." *Morris v. Lester Laboratories,* 147 Ga. App. 833, 835 (250 SE2d 569) (1978). Neither is there any basis in the record for the trial court's statement, in the dismissal order, that appellants had "conceded" the counterclaim.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED JULY 9, 1979 — DECIDED OCTOBER 23, 1979 —
REHEARING DENIED NOVEMBER 29, 1979.

*Malcolm S. Murray,* for appellants.
*Tyrus R. Atkinson, Jr.,* for appellees.

ON MOTION FOR REHEARING.

On motion for rehearing, appellees have attempted to supplement the record by submitting the trial court's rules concerning motion procedure. Those rules allegedly require us to decide differently. However, as they were not introduced into evidence or otherwise made part of the trial court record, we will not consider them. See *Stein Steel &c. Co. v. Briggs Mfg. Co.,* 110 Ga. App. 489 (2) (138 SE2d 910) (1964). We note that if the local court rules are

not in substantial compliance with the requirements of the Civil Practice Act with regard to summary judgment proceedings, they are of no effect.

*Motion for rehearing denied.*