58953. SURGENT v. SURGENT et al.

QUILLIAN, Presiding Judge.

The plaintiff brought a two-count complaint against the defendant. On April 30, 1979, the trial judge granted summary judgment to the plaintiff as to Count 2 of the complaint. No appeal was taken within 30 days of that decision. On June 29, 1979, the superior court judge entered the following order: "This court having granted Plaintiffs' motion for summary judgment as to Count II of Plaintiffs' Complaint on April 30, 1979, it is hereby ordered and adjudged, Plaintiffs have and recover against Defendant, Basil M. Surgent, II, the principal sum of $22,571.18, together with interest from February 27, 1975, to date in the amount of $7,378.92, interest on the principal sum at the rate of 7.5% per annum, and the costs of this action." Appeal was taken to this court from that order. *Held:*

Under our appellate practice provisions, "the party against whom summary judgment was granted may appeal either after the grant of summary judgment or after the rendition of the final judgment." *Culwell v. Lomas & Nettleton Co.,* 242 Ga. 242, 243 (248 SE2d 641).

Here the defendant failed to appeal within 30 days of the entry of the order granting summary judgment. Thus, the second chance for appeal would occur only after the entry of a final judgment. The order of June 29, 1979, which purported to be a final judgment was not since Count 1 of the complaint was not disposed of. While such count remains pending in the court below, a direct appeal is premature except after entry of a "no just reason for delay" judgment pursuant to CPA § 54 (b) (Code Ann. § 81A-154 (b); Ga. L. 1966, pp. 609, 658; 1976, pp. 1047, 1049) or where there is compliance with the interlocutory appeal procedure of Code Ann. § 6-701 (a) 2 (Ga. L. 1965, p. 18; as amended through Ga. L. 1979, pp. 619, 620).

Neither of the two exceptions being present in this case, on motion by appellees the appeal must be dismissed.
*Appeal dismissed. Smith and Birdsong, JJ., concur.*

ARGUED NOVEMBER 19, 1979 — DECIDED JANUARY 16, 1980.

*John C. Butters,* for appellant.
*David Drake, John W. Gibson,* for appellees.