## 65719. MANAGEMENT SEARCH, INC. v. AVON PRODUCTS, INC.

QUILLIAN, Presiding Judge.

Plaintiff, Avon Products, Inc., filed this complaint seeking return of an employment fee of $5,060 paid to the defendant Management Search, Inc. — a personnel placement firm. Avon and Management Search had contracted for the placement of an accountant. Under the contract Management Search agreed to return the fee: (1) "upon receipt of payment in full [of the fee] within ten (10) days of starting date [of employment of the referred employee]," (2) "should the employee voluntarily leave said employer without just cause or be discharged for cause within thirty (30) days from the date of starting work . . ." and (3) "if Management Search, Inc. is notified in writing of the separation within five (5) working days of the separation . . ."

The employee commenced work on August 31, 1981 and on Monday, September 21, 1981 informed Avon that she was terminating her employment "effective" the preceding Friday, September 18, 1981. Avon prepared a fee check in the amount of $5,060 on September 4, 1981. Robert Gerardo, Finance Manager for Avon, stated that the check was "cut and sent on September 4th." William Rice, General Manager of Management Search, said that the fee check was received on September 10. On September 22 Gerardo dictated a letter to Rice requesting return of Avon's fee. The letter did not leave his office until September 23. The services department of Avon uses a postage meter for their mail and has employed a private firm to pre-sort their outgoing mail so that it is delivered to the Post Office without any necessity for sorting and for immediate dispatch. Because Avon sends their outgoing mail to the firm for sorting they post date their postage meter by one day. The September 22 letter bore a metered date of September 26, 1981 — a Saturday. Avon is not open on Saturday. An Avon employee stated that the letter was dispatched on Friday, September 25. Rice said the letter was received on Monday, September 28, 1981.

Both parties moved for summary judgment. The trial court, said that since both sides agreed that there were no material issues of fact, the case was ready for decision and found that (1) the fee was paid within the time specified in the contract — 10 days, (2) the referred employee left plaintiff's employment on Monday, September 21 when she notified Avon of the fact that she was leaving, and (3) Management Search was notified of the separation within five working days. Management Search brings this appeal from the trial judge's grant of Avon's motion for summary judgment and denial of

its motion for summary judgment. *Held:*

1. It is not contested that the referred employee voluntarily terminated her employment within 30 days from the day she started to work for Avon. The only issues were whether defendant (a) received the fee payment within 10 days from the initial date of her employment and (b) was notified of her separation within five working days after her termination. At trial both parties agreed that there were no issues of material fact and submitted the case to the trial court on motions for summary judgment. On appeal Management Search enumerates as error that there were material issues of fact remaining to be decided by a jury. It is axiomatic that at the appellate level " '[o]ne cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing.' " *Dodd v. Dodd,* 224 Ga. 746, 747 (164 SE2d 726); *Rowe v. Rowe,* 228 Ga. 302 (185 SE2d 69). Where both parties state to the trial court that there are no material issues of fact, on appeal the losing party cannot assert that there was a material issue of fact.

2. Management Search asserts that the trial court erred in finding as a matter of law that the contract had been complied with. We do not agree. When plaintiff notified defendant of the severance by the referred employee, defendant replied that Avon's fee payment check was not received by Management Search until September 10 which was "eleven days from [the employee's] starting date with Avon of Aug. 31 . . . [and] a refund of fee is not in order."

(a) Our Code provides that in computation of time when a number of days is prescribed for the exercise of any privilege or any duty "only the first or last day shall be counted . . ." OCGA § 1-3-1 (d) (3); formerly Code Ann. § 102-102 (8). The Supreme Court has reaffirmed an earlier decision in *Brooks v. Hicks,* 230 Ga. 500 (197 SE2d 711) that Code Ann. § 102-102 (8) "applies to contracts as well as statutes where the limitation is in terms of days." *Allstate Ins. Co. v. Stephens,* 239 Ga. 717, 718 (238 SE2d 382). Accordingly, not counting August 31, the 10th day would be September 10 — the date that defendant admits they received Avon's check in payment of the fee.

(b) The next point raised by defendant is that it was not notified within "five working days" after the employee terminated her employment. The trial court found that the employee left plaintiff's employment on Monday, September 21, when it notified plaintiff she was terminating her employment — effective Friday, September 18. Although the employee elected to make her last full day of work as the last day of her employment, that election is not hers alone to make. If she had been ill for the previous 10 days and notified her employer on the 11th day of her resignation — effective

the last full day of work, she would have foreclosed plaintiff from recovery of its fee. Plaintiff can have no duty to inform the defendant placement agency of a fact that is unknown to them. They first had knowledge of the employee leaving her job on September 21, and for purposes of the contract notification, the five work days would have to run from that date. The fifth working day after September 21 was Monday, September 28, when defendant admits they received the notification of the employee's severance. This enumeration is without merit.

3. Because of our holding in Division 2, above, the remaining enumerations are moot.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 8, 1983.

*Louis F. Ricciuti,* for appellant.
*John D. Marshall,* for appellee.