69187. BAKER v. WULF.
(327 SE2d 796)

BEASLEY, Judge.

Plaintiff, an ex-husband, brought an action in DeKalb Superior Court under the Uniform Reciprocal Enforcement of Support Act (OCGA § 19-11-40 et seq.) against his ex-wife seeking support for their child. The form complaint alleged that plaintiff and defendant were formerly married and were the parents of a named child; that the child was in need of and entitled to support under the laws of Pennsylvania; that the "defendant refused and neglected to provide fair and reasonable support according to her means and earning ca-

pacity" and gave no support.

Defendant answered the complaint, admitting the allegation that the parties were parents of the child but denying the other material allegations. Subsequently, defendant moved for a judgment on the pleadings. After a hearing at which some matters dehors the pleadings were considered, the court ruled: "Based upon the foregoing it is hereby ordered that the Defendant's motion for Judgment upon the Pleadings is Sustained and Granted." *Held*:

A motion for judgment on the pleadings is just that and when extraneous matter is considered under OCGA § 9-11-12 (c) the motion is treated as one for summary judgment and disposed of as provided in OCGA § 9-11-56. In such circumstances "the evidence must demand a finding that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law." *Myers v. McLarty*, 150 Ga. App. 432, 434 (258 SE2d 56) (1979).

Moreover, there must be timely notice of a motion for summary judgment. *Jaynes v. Douglas*, 147 Ga. App. 678 (250 SE2d 14) (1978); *Wallis v. Trustees, Methodist Church*, 252 Ga. 51 (310 SE2d 915) (1984). In the absence of such notice the case is properly remanded to the lower court for a new hearing, *Riverhill &c. Assn. v. Cobb Bd. of Commrs.*, 236 Ga. 856, 859 (226 SE2d 54) (1976), except where the issue was not raised below, *Sibley v. City of Atlanta*, 152 Ga. App. 723, 724 (4) (263 SE2d 698) (1979), or no harm is shown from the failure to follow the correct procedure. *Premium Distrib. Co. v. Nat. Distrib. Co.*, 157 Ga. App. 666 (278 SE2d 468) (1981).

Pretermitting the issue of waiver as to notice, we deal with the merits of the case. *Leverich v. Roddenberry Farms*, 253 Ga. 414 (321 SE2d 328) (1984). In this connection, it should also be observed that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Code Section 9-11-12 or 9-11-56 . . ." OCGA § 9-11-52 (a). The issue is simply whether, construing the evidence most strongly against the movant for summary judgment, the result reached was required as a matter of law. However, a fuller order, as we have here, provides an explanation to the parties and is helpful to the appellate court.

First of all, contrary to the findings, the fact that the defendant was the child's mother was admitted by the answer. Secondly, contrary to the lower court's assessment, there was no requirement that the plaintiff establish that he had legal custody but instead defendant had to establish that plaintiff was not entitled to custody. This also holds true as to the necessity of proof that the child was in need of support and that the defendant had failed and refused to support the child. The allegations, again construed in favor of the pleader, *Massey v. Perkerson*, 129 Ga. App. 895 (1) (201 SE2d 830) (1973), are sufficient to raise these issues and it was therefore incumbent upon the

defendant to offer proof sufficient to pierce such averments. Until this was done, there was no burden upon the plaintiff to prove anything at this stage.

Because the rules of summary judgment were applicable the maxims contained in *McNally v. McNally*, 223 Ga. 246, 247 (154 SE2d 209) (1967), would not come into play. Furthermore, the lower court was not authorized to exercise its discretion as it attempted to do since that would only be true as to an evidentiary hearing and not a hearing of this nature.

In view of the present inconclusive record it was error for the trial court to grant defendant's motion and dismiss the complaint.

*Judgment reversed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MARCH 6, 1985.

*Robert E. Wilson, District Attorney, Robert E. Statham III, Assistant District Attorney*, for appellant.

*Timothy A. Siler*, for appellee.