## 70377. MELTON v. GILLELAND & SONS, INC.
### (336 SE2d 315)

BEASLEY, Judge.

Appellant Melton brought an action against appellee seeking damages for injuries sustained by Melton on late Saturday afternoon, July 16, 1983, when he stepped onto a road and was struck by a truck owned by defendant and being driven by its employee, Clay. The complaint contained two counts, one predicated on respondeat superior and the other on negligent entrustment. After filing an answer and obtaining discovery, defendant moved for summary judgment.

An affidavit and deposition were filed in support of the motion. The affidavit was by defendant's president, who related that normally defendant permitted its employees to drive company owned vehicles to and from job sites and their homes but were instructed that company policy did not permit personal or weekend use of the vehicles. He also stated that employee Clay was given the use of a company vehicle to drive to job sites and to and from home but was specifically instructed not to use the vehicle for personal use or on weekends; that at the time plaintiff was struck by defendant's truck Clay was driving it for his personal use and without authorization.

Clay was deposed and testified that he repaired equipment used by defendant in its construction business; that he was given a truck by defendant to drive to and from the various job sites and his home; that the defendant paid for gasoline for the truck; that he was instructed by his supervisor that the truck was for business and not for personal use. Clay further related that he traveled over several counties in performing his duties (but never in Meriwether) and often stayed overnight; that he used the truck on weekends he was away on a job and kept the truck 24 hours a day; that on three previous weekends he had used the truck to go fishing. On the weekend in question Clay testified he planned to go fishing with his brother who lived at Manchester but arrived there too late and was returning from the unsuccessful venture via his sister's place when the plaintiff stepped in front of the truck and was struck by the outside mirror on the vehicle.

In opposition to the motion plaintiff relied solely on Clay's deposition. After a hearing, the trial court granted defendant's motion and this appeal followed.

1. There has been no argument or citation of authority by the plaintiff regarding negligent entrustment and this ground is deemed abandoned. Court of Appeals Rule 15 (c) (2).

2. If a servant steps aside from his master's business, for however short a time, to do an act entirely disconnected from it and injury results to another person because of such act, the master is not liable for that tort. *Stafford v. Postal Telegraph &c. Co.*, 58 Ga. App. 213 (1) (198 SE 117) (1938). "In any case where recovery is sought on the

doctrine of respondeat superior the true test of liability upon the master for the acts of the servant is not whether an act was done in disobedience of the instructions of the master but whether it was done in the prosecution and in the scope of the master's business. *Evans v. Caldwell*, 52 Ga. App. 475 (2) (184 SE 440). 'Under the test approved in *Evans*, if the act is within the class of service which the employee has the authority from the employer to perform, the employer is bound though the employee is forbidden to perform the particular act. If the act is not within the class of service, the employer is not bound.' *Porter v. Jack's Cookie Co.*, 106 Ga. App. 497, 502 (127 SE2d 313)." *Gann v. Mills*, 124 Ga. App. 238, 240 (183 SE2d 523) (1971).

Where a vehicle owned by a person and driven by his employee is involved in a collision, a presumption arises that the employee was in the scope of his employment at the time and the employer has the burden to show otherwise. *West Point Pepperell v. Knowles*, 132 Ga. App. 253, 255 (208 SE2d 17) (1974). This presumption may be overcome by uncontradicted evidence. *F. E. Fortenberry & Sons v. Malmberg*, 97 Ga. App. 162, 165 (102 SE2d 667) (1958). The Supreme Court in *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776 (257 SE2d 186) (1979), reasoned that where plaintiff showed the vehicle was defendant's and the driver was defendant's employee the presumption would be overcome on motion for summary judgment by "[u]ncontradicted testimony of the defendant and/or the employee that the employee was not acting within the scope of his employment." Id. at 778. What then must plaintiff introduce to obtain a denial of the motion? "Some other fact which indicates the employee was acting within the scope of his employment" is the Supreme Court's answer. The court noted that where such evidence is circumstantial, and not direct, it must be more than a mere inconclusive inference but must be evidence sufficient to sustain a verdict and clearly inconsistent with defendant's evidence.

Here the presumption arising from the ownership of the vehicle by defendant and use by its employee is clearly overcome by direct evidence by defendant and its employee that at the time of the incident the employee was acting outside the scope of his employment and not in the prosecution of the employer's business but on a purely personal venture. The additional facts that he kept the vehicle 24 hours a day and that he had on occasion worked on weekends, were at most inconclusive inferences which did not contradict the direct evidence by defendant. Such factors did not constitute evidence that the employee was in his employer's service at the time the plaintiff was struck by the truck. *Evans v. Dixie Fasteners*, 162 Ga. App. 74 (1) (290 SE2d 172) (1982); *Healthdyne v. Odom*, 173 Ga. App. 184 (1) (325 SE2d 847) (1984).

It was not error to grant judgment to the defendant.
*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 10, 1985.

*Tyron C. Elliott*, for appellant.
*S. Renee Huskey, Samuel P. Pierce, Jr.*, for appellee.