71317. WILLIAMSON et al. v. SUNSHINE OIL COMPANY, INC.
(337 SE2d 441)

McMURRAY, Presiding Judge.

Plaintiff Sunshine Oil Company, Inc. brought this suit on an account against defendants in the Superior Court of Bryan County. On March 1, 1985, after defendants answered the complaint, plaintiff moved for summary judgment. Its motion was supported by an affidavit which established defendants' indebtedness to plaintiff in the amount of $22,757.04. Defendants did not file opposing affidavits in the case until April 3, 1985. The affidavits were filed on that day in open court when the summary judgment motion was heard. After considering the pleadings and plaintiff's supporting affidavit, the trial court granted plaintiff's motion for summary judgment. In so doing, the trial court expressly stated that it did not consider defendants' opposing affidavits because they were not filed timely. Defendants appeal. *Held*:

1. Affidavits opposing a summary judgment motion "may be served not later than one day before the hearing, unless the court per-

mits them to be served at some other time." OCGA § 9-11-6 (d). See also OCGA § 9-11-56 (c). "The court is vested with a discretion to consider affidavits not so served, and if he does so there is no requirement that a writing to that effect appear in the record. *Liberty Nat. Life Ins. Co. v. Houk*, 248 Ga. 111 (1) (281 SE2d 583) (1981). Where he does not in his discretion choose to consider those untimely filed no error appears. *Dutton v. Dykes*, 159 Ga. App. 48 (1) (283 SE2d 28) (1981); *Oliver v. Thomas*, 158 Ga. App. 388 (280 SE2d 416) (1981)." *Willingham v. Bridges*, 165 Ga. App. 35 (1) (299 SE2d 392). Accord *Splish Splash Waterslides v. Cherokee Ins. Co.*, 167 Ga. App. 589, 596 (7) (307 SE2d 107); *Talley v. City Tank Corp.*, 158 Ga. App. 130, 133 (2) (279 SE2d 264).

2. "A brief cannot be used in lieu of the record or transcript for adding evidence to the record. *Lowery v. Horn*, 147 Ga. App. 880 (251 SE2d 840); *Finley v. Franklin Aluminum Co.*, 132 Ga. App. 70, 71 (207 SE2d 543); *Maloy v. Dixon*, 127 Ga. App. 151, 154 (193 SE2d 19). We must take our evidence from the record and not from the brief of either party." *Blue v. R. L. Glosson Contracting*, 173 Ga. App. 622, 623 (1) (327 SE2d 582). A review of the record fails to disclose any circumstances which would indicate that the trial court abused its discretion in refusing to consider defendants' opposing affidavits. "We will not substitute our judgment for that of the trial court when there is no obvious or apparent abuse of discretion by the court in what clearly is a matter of discretion. [Cits.]" *Cohutta Mills v. Bunch*, 166 Ga. App. 395, 397 (304 SE2d 431).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED OCTOBER 30, 1985.

*Lloyd D. Murray*, for appellants.
*Charles H. Brown*, for appellee.