75376. TANDY COMPUTER LEASING v. SMITH.
(366 SE2d 417)

BEASLEY, Judge.

Tandy filed a complaint in the State Court of Bryan County to domesticate a judgment obtained against Smith in the county court of Tarrant County, Texas. Smith answered and filed a counterclaim. Tandy then filed its motion to produce, request for admissions, and interrogatories. Among the requests for admissions were: number four, which provided that a lease entered into between the parties would be governed and construed in accordance with Texas law and deemed to be made in Fort Worth, Texas; number six, which provided that personal jurisdiction over Smith was made under specified Texas Rules of Civil Procedure and statute; number 13, which stated that under Texas law any person entering into a contract in Texas is subject to personal jurisdiction in the Texas courts.

Smith failed to answer the requests for admissions within the time required by law and when he did answer over a year later he did not move to withdraw the admissions. When Tandy moved for summary judgment, Smith neither responded nor requested a hearing. The trial court granted Tandy's motion and judgment was entered in its favor. Two months later, Smith filed a motion to vacate the judgment, sought a restraining order and then moved for summary judgment. The trial court set aside the judgment for Tandy.

After the original judgment was vacated both Tandy and Smith again moved for summary judgment. Smith then answered Tandy's interrogatories and responded to the request for admissions. After the summary judgment hearing, the trial court granted Smith's motion and denied that of Tandy. The court found that the Texas court did not have personal jurisdiction over Smith and its judgment would not be recognized, despite having considered the "admissions on file."

Tandy moved for reconsideration and upon denial of its motion appealed to this court within thirty days of entry of the judgment ruling on the motions for summary judgment. It complains that it was error 1) to vacate its judgment obtained against Smith, and 2) to grant summary judgment to Smith based upon lack of personal jurisdiction in Texas.

1. The trial court predicated its vacation of Tandy's original Georgia judgment against Smith on the fact that Smith received neither notice nor hearing prior to entry of summary judgment against him. This ruling was based on *Ferguson v. Miller*, 160 Ga. App. 436 (287 SE2d 363) (1981), which held that, where the appellant received neither notice nor a hearing, summary judgment could not be granted against him. The same result does not necessarily follow now because of the passage of the Uniform Superior Court Rules. As *Jacobsen v. Muller*, 181 Ga. App. 382 (2) (352 SE2d 604) (1986) explained: "Under the new Rules, a party opposing a motion has 30 days after service of the motion to file a response (Rule 6.2) and a motion will be decided without benefit of an oral hearing unless a written request is made therefor (Rule 6.3). Contrary to appellant's assertions, the Rules do not deprive the opposing party of the opportunity to be heard, since he is given 30 days after service of the motion in which to file a response to the motion. A respondent is 'heard' when he files a response, since 'hearing' does not necessitate an oral hearing but 'contemplates notice to the respondent that the matter will be heard and taken under advisement as of a certain day.' . . . Thus, appellant was given an opportunity to be heard and chose not to avail herself of that opportunity. . . . The Rules also put to rest appellant's allegation that she received no prior notice of the date of ruling on the motions for summary judgment. Under the Rules, service of a motion on an opposing party serves as notice to that party that the court will take the matter under advisement after 30 days . . . after service of the motion has passed."

Smith had notice of the motion, and the fact that it did not set out a date for the hearing was not crucial according to *Jacobsen*. Smith failed to avail himself of the protection of the Rules and chose not to respond, so he cannot complain about lack of notice or a hearing. The first judgment for Tandy should not have been vacated.

2. Even if it had been proper to set aside the first summary judg-

ment, the court erred in applying OCGA § 9-12-114 (2) and ruling that the Texas court lacked personal jurisdiction, which was one of Smith's defenses. He was a nonresident of Texas and the judgment had been obtained by default. But Smith admitted there was jurisdiction in the Texas suit by failing to answer the requests for admissions, which were never withdrawn. Even though one of them purports to admit law and is therefore of no consequence, *A & D Barrel &c. Co. v. Fuqua*, 132 Ga. App. 827, 831 (209 SE2d 272) (1974), those which are admissions of fact when considered together with other facts in the record constitute a base supporting a legal conclusion that Texas had jurisdiction over Smith. The unanswered and unobjected-to factual judicial admissions were conclusive and binding on Smith as established facts, unless allowed to be withdrawn, which they were not. OCGA § 9-11-36 (a) (2) and (b); *Stone v. Lenox Enterprises*, 176 Ga. App. 696, 698 (1) (337 SE2d 451) (1985); *Albitus v. Farmers &c. Bank*, 159 Ga. App. 406, 407 (1) (283 SE2d 632) (1981). Thus the trial court was precluded from rejecting facts established by the admissions.

Moreover, in support of its motion for summary judgment, Tandy properly proved the Texas long arm statute. Under it, "entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party" in Texas shall be considered "doing business" in Texas, and the proper manner of service is specified. The certified copy of the Texas judgment itself recites that Smith was personally served in accordance with Texas law, showing that the Texas court had personal jurisdiction over him under Texas law.

That is all that was required, as the laws of other states, when properly authenticated and proved, "shall have the same full faith and credit in every court within this state as they have by law or usage in the courts of such state . . ." OCGA § 24-7-24 (a) (2). Compare *Borg-Warner &c. Prods. v. May*, 154 Ga. App. 482, 483-4 (2), (3) (268 SE2d 770) (1980). Smith failed to produce any evidence to rebut this showing, as he was required to do. See generally *Stipp v. Bailey*, 181 Ga. App. 555, 556 (353 SE2d 52) (1987).

The trial court was without authority to vacate its original grant of summary judgment against Smith and accordingly grant summary judgment in his favor.

*Judgment reversed. McMurray, P. J., concurs. Sognier, J., concurs specially.*

SOGNIER, Judge, concurring specially.

I concur fully in Division 1. However, I cannot concur fully because I do not agree with that portion of Division 2 which states that the admissions of fact support the reversal. Although recognizing that

the admission of a legal conclusion "is . . . of no consequence," the majority nevertheless finds that the admissions here properly, if only partly, support a finding that Texas had jurisdiction over Smith. The majority further at least implies that the admissions here established jurisdiction, thereby precluding the trial court from rejecting that "fact." I recognize that OCGA § 9-11-36 (2) requires that requests for admission be answered within 30 days or they are deemed admitted, and that as such they constitute judicial admissions, which are conclusive unless withdrawn. *Albitus v. Farmers &c. Bank*, 159 Ga. App. 406, 407 (1) (283 SE2d 632) (1981). However, the permissible scope of requests for admission is not boundless. OCGA § 9-11-36 is patterned after rule 36 of the FRCP. While federal rule 36 has been liberalized, still it has been held that rule 36 does not authorize a request for admission of matters solely relating to propositions of law. *Williams v. Krieger*, 61 FRD 142 (SDNY 1973). Similarly, Georgia courts have held, even after the liberalization of our own rule, that requests for admission "must deal with matters essentially factual, not opinionative or conclusions of law . . ." *A & D Barrel &c. Co. v. Fuqua*, 132 Ga. App. 827, 831 (209 SE2d 272) (1974). See also *Taylor v. Hunnicutt*, 129 Ga. App. 314 (199 SE2d 596) (1973). I conclude, therefore, that appellee could not properly have admitted that Texas had personal jurisdiction over him, since such a request to admit would relate solely to a legal conclusion.

However, I agree with that portion of Division 2 which predicates a reversal of the judgment below upon the trial court's error in finding that the Texas court did not have jurisdiction over appellee because the record shows proper service and personal jurisdiction under Texas law. Accordingly, I concur in the judgment.

DECIDED FEBRUARY 26, 1988.

*Sherwin P. Robin*, for appellant.
*Lloyd D. Murray*, for appellee.