## 77437. BRUNSON v. C. B. A., INC.

(376 SE2d 706)

BANKE, Presiding Judge.

Cecil Brunson sued C. B. A., Inc., to recover unpaid sales commissions allegedly due him for work which he had performed while employed as a sales representative for the company between March of 1985 and June of 1986. C. B. A. denied liability, contending that Brunson had at all times been employed on a straight salary basis rather than on a commission basis and that he had been paid all salary and bonuses due him. In addition, the company counterclaimed to recover the balance due on a promissory note Brunson had executed in favor of the company. The trial court granted summary judgment to C. B. A. on both the main claim and the counterclaim, and Brunson filed this appeal.

C. B. A. serves as a manufacturer's representative for various companies and is itself compensated on a commission basis for its services. There is no question that Brunson understood he was to be paid on a straight salary basis at the time he began working for C. B. A.; however, he contends that he accepted the job based on oral representations by the company's management that a commission plan was being formulated and would be implemented in the future. C. B. A. admitted in its answer "that it did in fact promise to attempt to put together a commission program for its sales persons." Brunson testified that after beginning work for the company in August of 1983, he initially inquired about the status of the commission plan every two or three months, but that by November of 1984 he was "pressing the issue at least once a month." He stated that he was told at that time by the company's president and co-owner "that the company would be coming out with a [commission] plan next year."

The company's fiscal year ended in February of 1985; and in March of that year, Brunson and the other members of the sales staff began receiving "commission statements" disclosing the commissions the company had earned on their sales. Copies of proposed commission schedules reflecting the portion of this revenue to be credited to the individual members of the sales force as commissions were ultimately distributed in May of 1985, at which time it was announced that the plan would be retroactive to March of 1985. According to Brunson, one of the subjects discussed at the May 1985 meeting at which the commission schedules were distributed was how some manufacturers paid the company higher commissions than others and how sales of those companies' products would enable the members of the sales force to "make more commission" themselves.

Throughout the remainder of the 1985 fiscal year, the company continued to issue pay checks to Brunson and the other members of its sales force as if they were still being compensated on a salary basis. Brunson testified that when he asked to be paid some portion of the commissions he had earned, he was informed by the president that the company's policy would be to pay any additional compensation which had been earned in a lump sum at the end of the fiscal year. Brunson maintained that at no point during such discussions was he ever told that he was not currently earning commissions. When no commissions were forthcoming at the end of the fiscal year, he became dissatisfied and, in July of 1986, left to form his own company.

C. B. A. maintains that the commission plan distributed in May of 1985 was merely a preliminary proposal designed to show "that [the members of the sales force] *could* enjoy substantial commissions when C. B. A. shifted to a commission program." While conceding that the schedules would have "created substantial anticipation in the mind of [Brunson]," the company asserts that it never agreed to be bound by them because it never decided to what extent its sales and overhead expenses would be offset against the proposed commissions. Brunson acknowledges that he was told during the May 1985 meeting that the plan still had "minor glitches" and was not final; however, he maintains he was assured at that time that "this was essentially going to be the pay plan. . . ." In the context of that representation and of the company's subsequent representations to him that he would be paid his commissions at the end of the fiscal year, he contends that the commission schedules could reasonably be viewed as evidencing a binding, enforceable agreement between the parties, notwithstanding the omission therefrom of any details regarding the apportionment of expenses. *Held*:

1. "It is well-settled that the policy of the law is against the destruction of contracts on the ground of uncertainty if it is possible in

the light of the circumstances under which the contract was made to determine the reasonable intention of the parties." *Touche Ross & Co. v. DASD Corp.*, 162 Ga. App. 438, 439-440 (291 SE2d 35) (1982). "It is generally held that a contract is not void because its performance is, as to particular details, left subject to the subsequent agreement of the parties." Id. at 440.

While C. B. A. contends that the commission schedules were too uncertain to be considered contractually binding due to the absence of any agreement on apportionment of expenses, Brunson counters that he has obviated any such uncertainty by charging himself with 100 percent of his sales expenses in determining the amount of commissions owed to him. Construing the evidence in favor of Brunson as respondent on motion for summary judgment, we hold that jury issues remain to be tried in the present case with respect to whether and to what extent the company assumed by its conduct a contractual obligation to compensate Brunson on a commission basis for the services which he rendered subsequent to February of 1985.

C. B. A.'s contention that it could not have acquired any executory obligations towards Brunson because his employment was terminable at will misses the point. Brunson is not suing to enforce an executory obligation but to recover compensation for services which he has already fully performed, allegedly in reliance on promises made to him in advance of such performance. Compare *Alston v. Brown Transport Corp.*, 182 Ga. App. 632 (356 SE2d 517) (1987); *Murphine v. Hosp. Auth. of Floyd County*, 151 Ga. App. 722 (261 SE2d 457) (1979). Brunson would not have been required to give the company "additional" consideration over and above the performance of his job as a sales representative in order to accept the offer created by these alleged promises. Compare *Management Search v. Morgan*, 136 Ga. App. 651 (222 SE2d 154) (1975) (holding that an employer's promise to pay a bonus to an employee was not enforceable where the employee was already obligated under a written contract to perform the services in question).

Similarly misplaced is C. B. A.'s reliance on cases holding that agreements merely to seek agreement in the future are not enforceable. See, e.g., *Hartrampf v. C & S Realty Investors*, 157 Ga. App. 879, 881 (278 SE2d 750) (1981); *Nuclear Assurance Corp. v. Dames & Moore*, 137 Ga. App. 688 (225 SE2d 97) (1976). In the present case, Brunson's testimony would support a finding that, beginning in May of 1985, the parties were operating under an express understanding that compensation for all sales made subsequent to February of 1985, would be based on the commission schedules. While this understanding was obviously not definite and certain as to all details, a jury might reasonably determine that it was sufficiently definite and certain as to its essential elements to constitute an enforceable agree-

ment. Accord *McMurray v. Bateman,* 221 Ga. 240, 252-253 (144 SE2d 345) (1965). Compare *Medlin v. Globe Continental Corp.,* 171 Ga. App. 103 (318 SE2d 807) (1984) (holding that a former employee was not entitled to recover a year-end bonus from his former employer where no definite sum of money or percentage of profits was promised and where the employee left the company before the end of the fiscal year in question). Consequently, we hold that the trial court erred in granting summary judgment to C. B. A. with respect to Brunson's commission claim.

2. We reject Brunson's claim that in the event it is ultimately determined that C. B. A. did not contract to pay him on a commission basis, he can recover additional compensation for his services on the theory of quantum meruit. Either he was to be paid for his services on a commission basis or he was to be paid on a straight salary basis, and in either event the amount of his compensation was the subject of an express agreement. That being so, "[t]he agreement of the parties, and not the legal principle of giving value for services rendered in the absence of an agreement, controls." *Ga. Intl. Life Ins. Co. v. Huckabee,* 175 Ga. App. 343, 346 (333 SE2d 618) (1985). Compare *Fonda Corp. v. Southern Sprinkler Co.,* 144 Ga. App. 287, 292 (3) (241 SE2d 256) (1977).

3. Inasmuch as Brunson does not deny owing the balance due on the promissory note, the trial court was authorized to grant partial summary judgment to C. B. A. with respect to such liability. However, the trial court was not authorized to go further and enter a final judgment in favor of the company for the remaining principal and interest due on the note, inasmuch as Brunson may ultimately prevail on his commission claim, and the amount of that claim exceeds his remaining indebtedness on the note. Accord *Mock v. Canterbury Realty Co.,* 152 Ga. App. 872, 878-879 (264 SE2d 489) (1980). Because the amount of attorney fees which the company may be entitled to collect under the terms of the note will similarly be affected by the ultimate disposition of the commission claim, the inclusion of such attorney fees in the summary judgment awarded on the counterclaim was similarly premature.

4. Asserting that he himself never sought summary judgment, Brunson contends that the court erred by including in its order a statement that "[p]laintiff's motion for summary judgment is DENIED." Clearly, however, this alleged error was entirely harmless under the circumstances. Consequently, it requires no further response from this court.

*Judgment reversed. Birdsong, C. J., and Beasley, J., concur.*

Decided December 2, 1988 —
Rehearing denied December 14, 1988 —

*Lawrence E. Newlin*, for appellant.

*Bauer, Deitch & Raines, Gilbert H. Deitch, George Ference*, for appellee.