77739. SEGREST et al. v. INTOWN TRUE VALUE HARDWARE, INC.

(379 SE2d 615)

BIRDSONG, Judge.

This is an appeal from the trial court's judgment denying appellants' motion for summary judgment, granting appellee's motion for summary judgment, entry of final judgment against appellants, and denying appellants' motion for reconsideration.

Appellants filed their motion for summary judgment on March 28, 1988. Appellee filed its motion for summary judgment on April 25, 1988. On May 18, 1988, the trial court denied appellants' motion for summary judgment and granted appellee's motion therefor. On June 6, 1988, the trial court entered final judgment against appellants. On June 8, 1988, appellants filed a motion for reconsideration, which was denied by the trial court on July 18, 1988. By order filed June 16, 1988, the trial court granted appellant's motion for extension of time for filing Notice of Appeal until July 17, 1988. OCGA § 5-6-9. As July 17, 1988 fell on a Sunday, appellant timely filed notice of appeal on Monday, July 18, 1988. See OCGA §§ 1-3-1 (d) (3); 5-6-30. *Held:*

1. Pursuant to the express statutory provisions of OCGA § 9-11-56 (h), "[a]n order granting summary judgment on any issue or as to any party shall be subject to review by appeal." " '[T]he party against whom summary judgment was granted may [*directly*] appeal either after the grant of summary judgment or after the rendition of the final judgment.' " *Surgent v. Surgent*, 153 Ga. App. 100 (264 SE2d 568); compare *Mitchell v. Oliver*, 254 Ga. 112 (1) (327 SE2d 216) with *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242, 243 (248 SE2d 641). As appellant has timely appealed the grant of summary judgment to appellee, OCGA § 9-11-56 (h), this court has jurisdiction over all other enumerations of error duly raised therewith. See generally OCGA § 5-6-34 (d).

Further, in the case sub judice, *both* parties moved for summary judgment. When both parties move for summary judgment, they are "in essence agreeing that the action was ripe for decision . . ." and cannot change their procedural trial strategy on appeal. *Southern Guaranty Ins. Co. v. Goddard*, 190 Ga. App. 97 (378 SE2d 130); *Westberry v. State Farm &c. Ins. Co.*, 179 Ga. App. 700 (3) (347

SE2d 688); *Management Search v. Avon Prods.*, 166 Ga. App. 262 (1) (304 SE2d 426).

2. Appellants assert that the trial court erred in ruling on appellee's motion for summary judgment prior to appellants' being given the opportunity to respond. OCGA § 9-11-56 (c) pertinently provides that motions for summary judgment "shall be served at least 30 days before the time fixed for the hearing."

An appellant is entitled to the notice provided by statute. *Leverich v. Roddenberry Farms*, 253 Ga. 414 (321 SE2d 328); see *Baker v. Wulf*, 173 Ga. App. 674, 675 (327 SE2d 796). The purpose of the so-called 30-day notice is to inform timely "the opposing party . . . as to the material relied upon by the movant . . . so that [the opposing party] might have sufficient opportunity to prepare his response." *Benton Bros. &c. Co. v. Cotton States &c. Ins. Co.*, 157 Ga. App. 448 (1) (278 SE2d 40). Once an opposing party has been provided this opportunity, the primary purpose of the waiting period is satisfied.

In *Kelley v. First Franklin Fin. Corp.*, 256 Ga. 622, 623 (351 SE2d 443), it was held that OCGA § 9-11-56 "contemplates but does not mandate a hearing," and that Rule 6.3 of the Uniform Rules of the Superior Courts (Rules), see 257 Ga. 829, and the statute work consistently. Rule 6.3 "fixes the method parties use to obtain a hearing." Id. However, under the Rules, "a party opposing a motion has 30 days after service of the motion to file a response. . . . [T]he Rules do not deprive the opposing party of the opportunity to be heard, since he is given 30 days after service of the motion in which to file a response to the motion." *Jacobsen v. Muller*, 181 Ga. App. 382 (2) (352 SE2d 604); accord *Tandy Computer Leasing v. Smith*, 186 Ga. App. 101 (1) (366 SE2d 417); Rules 6.2. Thus, " '[u]nder the Rules, service of a motion on an opposing party serves as notice to that party that the court will take the matter under advisement *after 30 days* . . . after service of the motion *has passed.*' " (Emphasis supplied.) Id.; *Jacobsen*, supra at 383. Accordingly, it is " 'error to grant a motion for summary judgment without affording the opposite side the time provided *or* without giving notice *or* the opportunity to be heard.' " (Emphasis supplied.) *Dixon v. Midland Ins. Co.*, 168 Ga. App. 319 (2) (309 SE2d 147); *Peoples Fin. Corp. v. Jones*, 134 Ga. App. 649, 650 (215 SE2d 711); see *Leverich*, supra; Ga. Prac. & Proc. (5th ed.), Judgments, § 23-15. And judgment rendered under such conditions is erroneous in the absence of waiver. Ga. Prac. & Proc., supra. " 'A respondent is "heard" when he files a response, since "hearing" does not necessitate an oral hearing but "contemplates notice to the respondent that the matter will be heard and taken under advisement as of a certain day. . . ." ' " *Tandy*, supra; *Jacobsen*, supra at 382-383.

The record reflects that appellants failed to respond to appellee's

motion for summary judgment both prior to the trial court's order of May 18, 1988, granting summary judgment to the appellee, and prior to the trial court's final order of June 6, 1988. The final order tacitly republished the trial court's order granting appellee summary judgment, and expressly awarded monetary judgment in favor of appellee/plaintiff. Thus, appellants had not responded and, thus were not heard on appellee's motion prior to the time that the trial court issued its May 18th order before the 30-day waiting period had expired. As this order was entered prematurely and without respondent's consent or waiver, it constituted error. See *Dixon*, supra; *Peoples*, supra; see also *Tandy*, supra; *Jacobsen*, supra.

However, as of June 6, 1988, when the trial court entered its final order *12 days* after expiration of the 30-day period, appellants, as evidenced by the record before us, had not objected to the procedure of the trial court. Neither had appellants attempted in the interim to file any form of response to appellee's motion for summary judgment, or to utilize timely Rule 6.3, as authorized by *Kelley*, supra, to compel the granting of an oral argument on the motion (see Rule 6.3, 257 Ga. 229).

The effect of appellants' trial tactics is multifaceted. First, because appellants failed to respond at all during the 30-day period, the trial court was faced with a situation both on the date of the expiration of the 30-day period and the date of the final order, where the record established that appellee had pierced appellants' answer to its complaint averring nonpayment of certain goods obtained on open account. See *Stein Steel &c. Co. v. Briggs Mfg. Co.*, 110 Ga. App. 489 (3) (b) (138 SE2d 910); see also *Concert Promotions v. Haas & Dodd*, 167 Ga. App. 883, 884-885 (307 SE2d 763); *Holland v. Tri-City Hosp. Auth.*, 162 Ga. App. 256 (1) (291 SE2d 107). Appellee was entitled to rely in support of its motion on the uncontested facts contained in its tendered affidavit and on the allegations contained in its complaint which had been *admitted* as true by the appellants. *Behar v. Aero Med. Intl.*, 185 Ga. App. 845 (1) (366 SE2d 223). The appellant could not rely in opposition to appellee's motion on any allegation in its pleadings that had not been duly admitted as being true. Id. at 846. Thus, at the time when the trial court issued its final order and judgment, and therein tacitly republished its prior order of May 18, 1988, the posture of the record mandated the granting of appellee's motion for summary judgment. Accordingly, we find that under the attendant circumstances of this case, appellants were not harmed by the trial court's error in initially ruling upon appellee's motion for summary judgment before expiration of the 30-day response period. *Premium Distrib. Co. v. National Distrib. Co.*, 157 Ga. App. 666, 670 (2) (278 SE2d 468). In view of this holding, we need not determine whether appellants' unexplained failure to invoke the benefits of Rule 6.3 or to

otherwise demand the right to respond *during* the 30-day period constituted a valid waiver. See generally *Kelley*, supra at 623-624; *Mobley v. Coast House, Ltd.*, 182 Ga. App. 305, 308-309 (355 SE2d 686).

3. Appellants assert that the trial court erred in granting, on May 18, 1988 and June 6, 1988, appellee's motion for summary judgment and awarding damages to appellee; and denying the motion for reconsideration. For reasons above discussed and by application of the legal standards for review of a motion for summary judgment, we conclude that the trial court did not err in granting appellee's motion for summary judgment in its order of June 6 and that the error committed in granting summary judgment in its order of May 18 did not prejudice appellants.

Further when, as in this case, *both* parties move for summary judgment they are "in essence agreeing that . . . no issue of material fact existed as a matter of law." *Southern Guaranty*, supra at Division 2; *Westberry*, supra at 700 (3); *Management Search*, supra at 262 (1). It is "axiomatic that at the appellate level ' "(o)ne cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing." ' " *Management Search*, supra at 263, citing *Dodd v. Dodd*, 224 Ga. 746, 747 (164 SE2d 726). In such circumstances, "[o]n appeal, [appellant] will not now be heard to assert '(t)he trial court erred in failing to find a genuine issue of material fact as to preclude the grant of summary judgment. . . .' " *Westberry*, supra at 702 (3); *Management Search*, supra at 263.

As appellants have failed to support their enumeration of error regarding damages either with specific citation of authority or argument addressing the damages issue therein contemplated, this ground is deemed abandoned. Court of Appeals Rule 15 (c) (2); *Melton v. Gilleland &c.*, 176 Ga. App. 390 (1) (336 SE2d 315).

Appellants specifically argue that the documentary evidence and affidavit attached to their motion for reconsideration "certainly created enough conflict in the evidence as to material issues to preclude granting appellee's motion." OCGA § 9-11-56 (c) provides that prior to the day of hearing the adverse party may serve opposing affidavits. As above discussed, both the 30-day period and any time thereafter during which oral argument could have been obtained under Rule 6.3 had expired *before* appellants made any attempt to provide facts in opposition to appellee's motion for summary judgment. Under these circumstances, the trial court could in its discretion refuse to consider any affidavits or other documentary evidence relevant to the summary judgment motion that was tendered for the first time under the guise of being in support of a motion for reconsideration. See *Williamson v. Sunshine Oil Co.*, 176 Ga. App. 661 (1) (337 SE2d 441); *Concert Promotions*, supra at 886 (2); Ga. Prac. & Proc., supra at

§ 23-16. And there is no requirement that the record contain any writing evidencing this exercise of discretion. *Liberty Nat. &c. Ins. Co. v. Houk*, 248 Ga. 111 (1) (281 SE2d 583). Considering the state of the record at the time of its final order, the trial court would not err in denying the motion for reconsideration if it elected not to consider the affidavit and other documentary evidence attached thereto. "On appeal appellant has the burden of demonstrating harmful error by the record. . . ." *Sullivan v. Brownlee*, 174 Ga. App. 813 (1) (331 SE2d 622). Appellants have failed to show affirmatively by the record that the trial court did consider the supporting documents filed with their motion for reconsideration. As appellants have "failed to rebut the presumption that the superior court faithfully and lawfully performed the duties devolving upon it by law," *Sullivan*, supra at 814, we hold that the trial court did not err in denying their motion for reconsideration. We will not presume error from a record silent as to matters directly bearing upon the validity of the trial court's ruling, as we are obliged to construe the record "on appeal in favor of upholding the judgment." *Williams v. Perry*, 187 Ga. App. 586 (1) (370 SE2d 836).

Appellants' other assertions are without merit. Appellee's motion for damages under OCGA § 5-6-6 is denied.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur specially.*

BANKE, Presiding Judge, concurring specially.

I agree that inasmuch as the trial court reaffirmed its grant of summary judgment to the appellee *after* the expiration of the 30-day period within which the appellants were required to serve and file a response to the motion, and inasmuch as the appellants still had not responded to the motion as of that time, the initial error committed by the trial court in ruling on the summary judgment motion prior to the expiration of the 30-day period was rendered harmless. I note, however, that the appellee states in its brief on appeal that "[t]he grant of summary judgment did not include the [appellant's] counterclaim, which remains pending." If that is the case, then the entry of final judgment in favor of the appellee was premature, and the appellee should not be permitted to enforce the judgment until such time as the merits of the counterclaim have been established. See *Mock v. Canterbury Realty Co.*, 152 Ga. App. 872, 878-9 (264 SE2d 489) (1980). Accord *Brunson v. C.B.A., Inc.*, 189 Ga. App. 621 (3) (376 SE2d 706) (1988).

I am authorized to state that Judge Beasley joins in this special concurrence.

DECIDED MARCH 3, 1989.

*Everett D. Caldwell*, for appellants.
*Claire Moynihan, Eugene Novy*, for appellee.