A90A0965. HILL et al. v. BUGGS.

(396 SE2d 36)

McMURRAY, Presiding Judge.

Plaintiffs Nickey Hill and Christine Frazier brought this negligence action against William Buggs in the State Court of Fulton County. A copy of the complaint and summons was delivered to defendant's mother at her home in Fulton County. Subsequently, defendant answered the complaint, denying liability, and raising, inter alia, lack of venue, and insufficiency of service of process defenses. Via motion to dismiss, defendant sought an early adjudication of the defenses raised in his answer. In support of the motion, defendant filed an affidavit in which he deposed (1) that, at that time, and at the time of the filing of the complaint, he lived at 3319 Clemmons Road, in Stockbridge, Henry County; and (2) that he was not living with his mother at her home in Fulton County and had moved from that address approximately 20 years ago. Following a hearing upon defendant's motion to dismiss, the State Court of Fulton County transferred the case to the Superior Court of Henry County.

Subsequently, the Superior Court of Henry County granted defendant's motion to dismiss, finding that defendant "was not properly served with a copy of the complaint as prescribed by law." Plaintiffs moved for a rehearing, alleging they were not afforded notice of the hearing. The motion for a rehearing was denied inasmuch as the superior court found plaintiffs received notice of the hearing. Plaintiffs appeal. *Held*:

1. Plaintiffs contend the motion to dismiss should not have been granted because the service of process issue was "moot." In this regard, plaintiffs argue the State Court of Fulton County could not have transferred the case without first determining that service of process was sufficient and that, therefore, since the State Court of Fulton County impliedly determined service of process was sufficient, the Superior Court of Henry County could not rule upon the issue. This argument is without merit. In the first place, the State Court of Fulton County made no ruling whatsoever upon the insufficiency of service of process defense. It simply ruled upon the venue question. It did not impliedly rule upon any other matter by transferring the case to the Superior Court of Henry County. In the second place, a ruling by the State Court of Fulton County on a defense raised by defendant would not necessarily preclude a subsequent ruling regarding that defense by the Superior Court of Henry County. See generally OCGA §

9-11-60 (h); Uniform Transfer Rules, T-13 (251 Ga. 893, 895).

2. Plaintiffs' contention that the Superior Court of Henry County erred in determining they received notice of the hearing is not supported by citation of authority or argument and must be deemed abandoned. Rule 15 (c) (2) of the Rules of the Court of Appeals of the State of Georgia; *Melton v. Gilleland & Sons, Inc.*, 176 Ga. App. 390 (1) (336 SE2d 315).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED JULY 2, 1990 —
REHEARING DENIED JULY 13, 1990.

*Repasky, Minin & Bates, Fred R. White, Alexander J. Repasky,* for appellants.

*Swift, Currie, McGhee & Hiers, William P. Claxton, Murray, Temple & Dinges, Burke B. Johnson,* for appellee.