Holland vs. Chaffin & Lane.

No. 11.—JONAS H. HOLLAND, plaintiff in error, *vs.* JEPTHA J. CHAFFIN and LEWIS L. LANE, defendants in error.

Since the Act of February 20th, 1854, (Acts of 1855-6,) a partial payment of a debt, or a verbal acknowledgment of a debt, is not sufficient to countervail the effect of the statute of limitations on the debt.

Debt from Jasper Superior Court. Tried before Judge HARDEMAN, at April Term, 1857.

Holland brought suit against Chaffin as principal, and Lane as security, on a promissory note for $126 30, dated 16th April, 1849, and payable one day after date.

There was a credit on the note of one dollar, paid by Chaffin, 10th February, 1855, and the declaration was amended, alleging this fact, and that by reason thereof, defendant's liability continued.

Lane the security, pleaded several pleas, but relied mainly on the plea of the statute of limitations.

Upon the first trial, there was a verdict for plaintiff for the amount of the note. Lane entered an appeal.

Upon the appeal trial, plaintiff offered the note in evidence; which was objected to by defendant; the Court sustained the objection, and plaintiff excepted.

Plaintiff then proposed to prove by a witness, that Chaffin had admitted to him that the note had been presented for payment before the lapse of six years from the time of its maturity, and after the credit had been endorsed, and that he then admitted indebtedness on the note, and that the credit was made in good faith and with his assent, to prevent the bar or operation of the statute of limitations. Plaintiff admitted however, that Lane the security was not present, and knew nothing about it.

Defendant objected to the introduction of this testimony; the objection was sustained by the Court, and the testimony excluded.

The jury found for the defendant, and plaintiff's counsel excepts.

W. W. ANDERSON, for plaintiff in error.

BARTLETT, for defendants in error.

*By the Court.*—BENNING, J. delivering the opinion.

Does the partial payment of a debt by the debtor, or the verbal acknowledgment of the debt by the debtor, destroy the effect of the statute of limitations upon the debt? The decision of the Court below was that neither does.

The question turns upon what is the meaning of the Act of 20th February 1854, amendatory of the statutes of limitations. That Act is as follows:

"From and after the passage of this Act, no promise, acknowledgment, or admission, of a debt, made after the statute of limitations has commenced running, shall be sufficient to revive the same, unless such promise, acknowledgment or admission, shall be reduced to writing, or some note or memorandum thereof, made in writing, and subscribed by the person or persons making the same, or some other person thereunto by him lawfully authorized: *Provided*, this Act shall only operate upon and affect, such promises, acknowledgments, and admissions, as shall be made after its passage." *Acts of* 1855–6. 238.

Every partial payment of a debt, implies an admission of the debt, and a promise to pay the balance of the debt. By the old law, any admission of a debt, or any promise to pay a debt, neutralized the effect of the statute of limitations on the debt. Hence it was, that by the old law a partial payment of a debt neutralized the effect of the statute of limitations on the debt.

By the new law, (the Act aforesaid,) no promise, acknowledgment or admission of a debt, unless made in writing, can neutralize the effect of the statute on the debt. By the new

law, therefore, the admission of a debt, and the promise to pay it implied in a partial payment of the debt, cannot neutralize the effect of the statute upon the debt.

And the new law, saying as it does, that no promise, acknowledgment or admission of a debt, unless made in writing, shall be sufficient to neutralize the effect of the statute upon the debt, says unequivocally, that no *express* promise or admission of the debt, shall have this effect.

In the present case, there was the admission and the promise to be implied from a partial payment of the debt, and there was an express verbal admission of the debt.

But according to the new law, such an admission or promise as these, could not neutralize the effect of the statute on the debt, because they were not in writing.

We think therefore, that the Court below was right.

Judgment affirmed.