## 52070. BINGHAM v. ADVANCE INDUSTRIAL SECURITY, INC.

CLARK, Judge.

Plaintiff sued his former employer for sums claimed to be owed him under the Federal Wages and Hours Act for overtime hours allegedly worked during the last four months in 1971. His suit was filed November 4, 1974. Defendant answered denying any indebtedness and further pleaded as an affirmative defense that the claim was barred by the two-year statute of limitation contained in 29 USCA § 255 and Ga. L. 1943, p. 333 (Code Ann. § 3-704). Plaintiff then amended his complaint by adding this paragraph: "Plaintiff shows that said defendant paid to him on May 18, 1973, the sum of $106.05 which was only a portion of the sums of money due him and the said defendant now owed him the sum set out in this complaint which is just, due and unpaid." (R. 72).

The trial court sustained a summary judgment for defendant employer based upon the statute of limitation. This appeal followed.

1. "It is well settled that '[a] separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed.' [Cit.]" Mitchell v. Lancaster Milk Co., 185 FSupp. 66, 70 (M. D. Pa. 1960).

2. A motion for summary judgment is a proper procedure by which to secure a ruling on the sufficiency of the statute of limitation defense. Central of Ga. R. Co. v. Harbin, 132 Ga. App. 65 (207 SE2d 597); Houston v. Doe, 136 Ga. App. 583, 584 (2) (222 SE2d 131).

3. A new promise to pay or a written acknowledgement of liability may revive or extend the original debt. See Code §§ 3-901, 3-903, 3-904; National City Bank v. First Nat. Bank, 193 Ga. 477 (19 SE2d 19); Langford v. First Nat. Bank, 122 Ga. App. 210, 211 (4) (176 SE2d 484). But the payment here did not constitute either a revivor or new promise. Mere partial payment in the absence of a writing is not sufficient. Holland v.

*Chaffin & Lane,* 22 Ga. 343.

4. There being no genuine issue as to any material fact and defendant movant having shown it is entitled to judgment as a matter of law, the trial court was correct. Code Ann. § 81A-156 (c).

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED APRIL 6, 1976 — DECIDED MAY 12, 1976 —
REHEARING DENIED JUNE 10, 1976.

*Margaret Hopkins, James R. Venable,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Robert Travis, E. A. Simpson, Jr.,* for appellee.