56498. GARRETT v. LINCOLN CEMETERY, INC.

BANKE, Judge.

This is a suit on account for professional services performed by the plaintiff in reconstructing the defendant's accounting records and defending it during an audit by the Internal Revenue Service. The trial court rendered judgment for the defendant after finding as a matter of law that the action was barred by the 4-year limitation period applicable to suits on account. See Code § 3-706. The plaintiff then filed this appeal. The plaintiff acknowledges that the debt arose more than four years prior to the filing of the suit but contends that certain notations made on two checks submitted in partial payment of the account within this 4-year period constituted written acknowledgment of the debt so as to revive the cause of action. *Held:*

Under Code § 3-903 a "written acknowledgment of the existing liability" constitutes a new promise to pay which revives the debt so as to recommence the running of the statute of limitations. See Code §§ 3-901, 3-904. "Mere

partial payment in the absence of a writing is not sufficient. *Holland v. Chaffin & Lane,* 22 Ga. 343." *Bingham v. Advance Indus. Security, Inc.,* 138 Ga. App. 875 (3) (228 SE2d 1) (1976). However, a notation made on a check delivered to the creditor by the debtor has been held to constitute a sufficient "written acknowledgment" where it affords a means of identifying the debt with "reasonable certainty." *Middlebrooks v. Cabaniss,* 193 Ga. 764 (1) (20 SE2d 10) (1942).

The notation on one of the two checks in this case was "Legal & Audit On Acct" and on the other was "Lincoln's Bal. $6500." Lincoln only had one account with the plaintiff. Thus, it is clear that the notations referred to the account in question. See *Middlebrooks v. Cabaniss,* supra. However, the amount sued for by the plaintiff was $11,000 rather than the $6,500 to which the defendant admitted. We therefore hold that the notations on the checks constituted a written acknowledgment of liability, but only to the extent of $6,500. The remainder of claim is barred by the statute of limitations.

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 13, 1978 — DECIDED JANUARY 9, 1979—
REHEARING DENIED JANUARY 25, 1979.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, William A. Wright, Matthew H. Patton,* for appellant.
*Westmoreland, Hall, McGee, Warner & Oxford, Edward E. Bates, Jr.,* for appellee.