## 77052. RICHMOND LEASING COMPANY, INC. v. FIRST UNION BANK OF AUGUSTA.
(374 SE2d 746)

BIRDSONG, Chief Judge.

Richmond Leasing Company, Inc., appeals from the trial court's grant of summary judgment to appellee, the First Union Bank of Augusta. The trial court found that appellant had executed a security deed on two parcels of real estate as security for loans from the appellee bank, and upon failure of appellant to make timely payments the bank foreclosed upon the security. Foreclosure proceedings were automatically stayed when appellant filed for bankruptcy. The bankruptcy court released the property to the bank and the foreclosure proceeded. The property was advertised for sale and the sale took place on April 7, 1981, with the appellee being the successful bidder. This action was filed on April 6, 1987.

The complaint sought recovery of approximately $376,000 for an alleged breach of contract, contending the bank breached its obligation of good faith to the appellant in the sale of the property securing appellant's obligations to the bank. Appellee's answer asserted, inter alia, the defense of the statute of limitations. The bank filed a motion to dismiss, contending the complaint had been filed after the statute ran. Subsequently, the bank filed an affidavit "in support of Motion for Summary Judgment" by its senior vice president, showing execution of two notes and a security deed by appellant, default on payment of the notes, and foreclosure under the power of sale in the security deed. Thereafter, the bank filed an affidavit of its attorney, to support its "Motion to Dismiss," which showed the attorney had examined the realty records in the office of the Clerk of Richmond County and they showed three security deeds from appellant to appellee, which were unsatisfied of record and outstanding on the date of the foreclosure sale, April 7, 1981.

The trial court issued its judgment, citing the fact that appellee bank "having moved the Court for a summary judgment" found "there is no genuine issue of material fact and that defendant [bank] is entitled to judgment as a matter of law . . . and that the complaint is dismissed. . . ."

The record does not contain a motion for summary judgment or a rule nisi for a hearing on such motion. Appellant debtor brings this appeal from the trial court's judgment. *Held*:

1. Appellant has enumerated four errors. We will discuss and resolve only the errors enumerated, and only upon the grounds set forth for the claim of error. See *Velkey v. Grimes*, 214 Ga. 420, 421 (105 SE2d 224); *Gee v. Chattahoochee Tractor Sales*, 172 Ga. App. 351, 354 (323 SE2d 176).

2. Appellant contends the trial court erred in granting summary judgment to appellee, because the record shows no motion for summary judgment was ever made and no notice of a hearing on a motion for summary judgment was ever given to the appellant. It is clear that OCGA § 9-11-56 (c) contemplates a written motion will be made when asking for summary judgment for it is to be "served [on the opposing party] at least 30 days before the time fixed for the hearing." It is equally clear that the Civil Practice Act provides that if a party files a motion for judgment on the pleadings and "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56." OCGA § 9-11-12 (c). Hence, in a procedural context, the CPA sanctions the hearing of a motion for a summary judgment even though no such motion is ever filed. See *Williams v. Columbus, Ga.*, 151 Ga. App. 311 (259 SE2d 705).

In the instant case, the defense of the statute of limitations is required to be specially pleaded (OCGA § 9-11-8 (c)) and appellee raised this defense in his answer and then filed a motion to dismiss based on the same ground. The trial court must have recognized that the summary judgment procedure is the proper method to secure a ruling on the sufficiency of the evidence to establish the running of the statute of limitations. *Bingham v. Advance Indus. Security*, 138 Ga. App. 875 (2) (228 SE2d 1); *Houston v. Doe*, 136 Ga. App. 583 (2) (222 SE2d 131). After appellee filed its motion to dismiss on the ground of the running of the statute of limitations (May 3) and the hearing was scheduled (July 8), appellee then filed an affidavit "in support of motion for summary judgment" (August 26, 1987).

Appellant has filed a motion to supplement the record on appeal and attached, inter alia, a Motion to Strike Defendant's Briefs, which bears a stamp indicating it was filed with the clerk of the trial court. We will grant appellant's motion as to this document. See OCGA § 5-6-41 (f) (last sentence). This motion to strike requested that appellee's brief "in Support of Motion for Summary Judgment" be stricken. It reflects that "[a] hearing was held on July 8, 1987 concerning [appellee's] Motion to Dismiss" and was continued to August 31, 1987. And, that on August 26, 1987, the appellee "filed another brief in Support of Summary Judgment which it is assumed is an-

other name given to its Motion to Dismiss as no other notice of hearing has been filed." In this motion to strike, appellant argued that he had not been given five days' notice of the motion before the hearing under OCGA § 9-11-5 (d). We will note in passing that appellant is appearing pro se, and that his Motion to Strike, and his request for a 15-day extension to reply, was filed on December 3, 1987, and the court had entered its judgment on November 9, 1987. Also, on the same date that appellant filed his motion to strike, he filed his notice of appeal from the court's judgment, which deprived the trial court of jurisdiction since the case is on appeal after the filing of the notice. *Cohran v. Carlin*, 249 Ga. 510 (291 SE2d 538).

The record also reflects that the hearing of July 8 was continued to August 31, and that on August 26, 1987, the appellee filed its brief in support of summary judgment. Thereafter, on September 16, 1987, the trial court issued its order "to allow for the notice provided by law in which to reply to Defendant's Brief in Support of Motion to Dismiss and for Summary Judgment, [in which] the Plaintiff is hereby allowed 30 days from August 31, 1987 in which to file a Supplemental Brief in Reply to the same."

In consideration of the foregoing, it is apparent that the trial court and the parties recognized the proper procedure to test the sufficiency of the evidence to support a claim of the running of the statute of limitations was by motion for summary judgment. *Bingham*, supra; *Houston*, supra. Further, that a motion to dismiss based on the pleadings in which additional evidence was heard automatically converted the motion to dismiss to one for summary judgment. OCGA § 9-11-12 (c). Hence, all parties and the court treated the motion to dismiss as one for summary judgment (in the briefs and the court's orders). The court's order recited that appellee "having moved the Court for a summary judgment" and *"to allow for the notice provided by law* in which to reply *to the Defendant's Brief in Support of Motion* to Dismiss and *for Summary Judgment"* (emphasis supplied), the appellant was allowed an additional 30 days to file a brief. Thus, all parties and the court treated the motion to dismiss as one for summary judgment since evidence was heard and a hearing was held thereon with notice being given to appellant of this fact. No objection was made to this procedure. And, under the Uniform Rules (Rule 6.3), unless otherwise ordered by the court, or requested by one of the parties, all motions in a civil action, including a motion for summary judgment, will be decided without oral argument. *Dallas Blue Haven Pools v. Taslimi*, 180 Ga. App. 734 (1) (350 SE2d 265), aff'd, 256 Ga. 739 (354 SE2d 160). There is no request for oral argument in the record, the trial court did not err in deciding the sufficiency of the evidence to support a claim of the running of the statute of limitations by summary judgment, after all parties treated the motion to dismiss

as one for summary judgment and after notice was given to the respondent.

3. Appellant complains that the trial court dismissed his action even though appellee "cited no case or statute which would indicate that the six-year statute on written contracts would start running on April 3, 1981, and not later as the appellant claims." Appellant contended in the trial court, and now on appeal, that his action was one for breach of contract, and it was treated as such by the trial court. The parties were in agreement that the period of limitation for this contract was six years. What the parties disagreed on was when the statute began running. Appellee argued that if there was a breach of contract, " ' "[u]nder Georgia law, the statute of limitations runs from the time the contract is broken 'and not at the time the actual damage results or is ascertained.' " ' " *Owen v. Mobley Constr. Co.*, 171 Ga. App. 462 (1) (320 SE2d 255); accord *Space Leasing Assoc. v. Atlantic Bldg. Systems*, 144 Ga. App. 320 (2) (241 SE2d 438). Appellant contends "the statute started to run on the day of the foreclosure [April 7, 1981] or perhaps the date that the foreclosure was recorded on April 16, 1981."

The trial court found no breach by appellee in the content of the advertisement of the sale of the secured property, or in the manner in which the sale was conducted. The trial court followed the rule set forth in *Owen*, supra, and concluded that the last possible breach occurred on April 3, 1981, the date of the last notice of the advertised sale, and was barred by the six-year limitation for an action on a simple contract. We agree with the trial court that nothing occurred after April 3, 1981, which would constitute a breach and any action sounding in tort or simple contract was barred by the six-year statute of limitations.

4. We find no merit to appellant's remaining enumerations of error alleging the appellee "never specified any grounds on which it sought summary judgment" and that the affidavit of appellee's senior vice president "should not have been given any credence by the trial court" because appellant contended it contained "gross misrepresentations and instances of abject perjury." The "grounds" for every motion for summary judgment are the statutory grounds, i.e. "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." OCGA § 9-11-56 (c).

Appellant's appellate brief refers this court to a document not contained in the record or in his motion before this court to supplement the record. An appellate court takes its evidence from the record, and such support cannot be done by evidentiary assertions in the brief. A brief cannot serve in lieu of the record or the transcript for the purpose of demonstrating error. *Holzmeister v. State*, 156 Ga.

App. 94 (1) (274 SE2d 109); accord *York v. Miller*, 168 Ga. App. 849, 850 (310 SE2d 577); *Lowery v. Horn*, 147 Ga. App. 880 (251 SE2d 840).

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 21, 1988 —
REHEARING DENIED OCTOBER 18, 1988 ▮

Richard S. Hesley, Jr., *pro se.*
O. *Palmour Hollis, Ziva Bruckner*, for appellee.