77570. MEDDERS et al. v. COMMODORE FINANCIAL
SERVICES CORPORATION.
(379 SE2d 561)

SOGNIER, Judge.

Commodore Financial Services Corporation filed a petition for a writ of possession in regard to a mobile home purchased by Thomas and Sandra Medders. The Medderses answered and counterclaimed for breach of warranty and fraud. The trial court granted Commodore's motion for summary judgment and the Medderses appeal.

1. We find no merit in appellants' contention that the trial court erred by ruling on appellee's motion for summary judgment because appellants had not received adequate notice of the specific date of the hearing. The record reveals that notice of the motion was sent to appellants on January 11, 1988. Appellants failed to comply with Uniform Court Rules for the Superior Courts 6.2 and 6.3. The trial court ruled on appellee's motion on May 11, 1988.

"Under the Rules, service of a motion on an opposing party serves as notice to that party that the court will take the matter under advisement after 30 days (the time during which the opposing party may file a response to the motion) after service of the motion has passed." *Jacobsen v. Muller*, 181 Ga. App. 382, 383 (2) (352 SE2d 604)(1986). Appellants "had notice of the motion, and the fact that it did not set out a date for the hearing was not crucial . . . ." *Tandy Computer Leasing v. Smith*, 186 Ga. App. 101, 102 (1) (366 SE2d 417) (1988). "Since appellant[s] failed to comply in any way with the Rules under which [they were] supposed to operate, [they] cannot be heard to complain that the wheels of justice have rolled over [them]." *Spikes v. Citizens State Bank*, 179 Ga. App. 479, 481 (1) (347 SE2d 310) (1986).

2. Appellants contend in their next enumeration that the trial court erred by holding that the requirements of OCGA § 11-2-316 were met in the contract between the parties. In their brief, however, appellants concede that the contract contained a clause disclaiming all warranties and that the clause is properly conspicuous. Appellants seek to argue that the clause violates the Georgia Fair Business Practices Act, OCGA § 10-1-390 et seq. Aside from the fact that the record fails to reflect that appellants complied with the written demand required by OCGA § 10-1-399 (b), this claim was not presented in the pleadings or otherwise raised in the record before the trial court. The issue thus will not be considered on appeal. See *Mathis v. Rome Tractor Co.*, 180 Ga. App. 426 (2) (349 SE2d 282) (1986).

3. Appellants assert error in the trial court's finding that they are precluded from showing fraud based upon reliance on any representations made before the contract was signed. The contract executed by appellants contained both disclaimer and merger clauses and, as

demonstrated by their counterclaim, appellants chose to keep the mobile home, affirm the contract, and seek damages under the contract. " ' "It is crucial to the resolution of this case to note that [appellants] elected to affirm rather than to rescind the contract. Where the purchaser affirms a contract which contains a merger or disclaimer provision and retains the purchased articles, he is estopped from asserting that he relied upon the seller's misrepresentations and his action for fraud must fail." ' [Citations omitted in original.] [Cit.]" *Joseph Charles Parrish, Inc. v. Hill*, 173 Ga. App. 97, 99-100 (5) (325 SE2d 595) (1984). Therefore, the trial court did not err by granting summary judgment in favor of appellee on the issue of fraud.

4. We find no error in the trial court's refusal to consider evidence of contradictory prior or contemporaneous parol agreements to vary the terms of the unambiguous contract executed by appellants. OCGA § 24-6-1; see generally *Buice Grading &c. v. Bales*, 187 Ga. App. 263, 264-265 (370 SE2d 26) (1988).

5. The record reveals that appellants entered into a contract for the purchase of a mobile home in November 1985 obligating appellants to make monthly payments on the purchase. Appellants complied with the contractual requirements through June 1986 after which they ceased making the installment payments. The record supports the trial court's finding that appellants are in default under the contract and that no genuine issues of material fact exist to create a jury question. Therefore, the trial court properly granted summary judgment in favor of appellee. See generally *Bowers v. Safeco Ins. Co.*, 187 Ga. App. 229, 230 (1) (369 SE2d 547) (1988).

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 16, 1989 —
REHEARING DENIED MARCH 7, 1989 —

*Francisco Gonzalez-Burgos*, for appellants.
*Bruce M. Walker*, for appellee.