A89A1247. THOMPSON v. TOM HARVEY FORD MERCURY, INC.
(387 SE2d 28)

CARLEY, Chief Judge.

A vehicle that was owned by appellee-defendant and that was being operated by one of its employees collided with appellant-plaintiff's vehicle. As the result of this collision, appellant brought suit against appellee. After answering appellant's complaint, appellee filed a motion for summary judgment on September 21, 1988. Appellant responded to appellee's motion on October 17, 1988. In mid-December of 1988, appellant requested oral argument on appellee's motion. The trial court denied appellant's request. On January 20, 1989, the trial court granted summary judgment in favor of appellee, concluding that the employee was not acting in the scope of his employment at the time of the collision. Appellant appeals from this grant of appellee's motion for summary judgment.

Appellant enumerates as error only the trial court's denial of her request for oral argument on appellee's motion for summary judgment. However, appellant's request was not timely. Rule 6.3 of the Uniform Superior Court Rules provides: "Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict. However, oral argument on any motion for summary judgment shall be permitted upon written request *if such request is made not later than five (5) days after the time for response.*" (Emphasis supplied.) The time for appellant's response to appellee's motion was October 24, 1988, thirty days, plus three days for service by mail. OCGA § 9-11-6 (e). Under Rule 6.3, appellant was required to make a written request for oral argument on or before October 31, 1988, since October 29 was a Saturday. OCGA §§ 9-11-6 (a); 1-3-1 (d) (3). Because there was no timely request by appellant, appellee's motion for summary judgment was properly decided without oral argument. See *Richmond Leasing Co. v. First Union Bank of Augusta,* 188 Ga. App. 843, 845 (2) (374 SE2d 746) (1988); *Tandy Computer Leasing v. Smith,* 186 Ga. App. 101, 102 (1) (366 SE2d 417) (1988). If appellant needed additional discovery so as to make a response to appellee's motion, she should have invoked OCGA § 9-11-56 (f) rather than make an untimely request for oral argument.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 27, 1989.

*Richard F. Otonicar,* for appellant.
*Neely & Player, Leigh M. Smith, Randall H. Davis, Elliott R. Baker, Mozley, Finlayson & Loggins, William D. Harrison,* for appellee.