A91A1052. GAILLARD et al. v. COLDWELL BANKER RESIDENTIAL REAL ESTATE SERVICES OF GEORGIA, INC.
(414 SE2d 19)

Judge Arnold Shulman.

This is an appeal from a summary judgment entered in favor of the appellee, Coldwell Banker Residential Real Estate Services of Georgia, Inc., in an action by it to collect a real estate commission allegedly owed by the appellants, Cynthia and William Gaillard. Cynthia Gaillard had entered into an "exclusive leasing agreement" with the appellee on September 29, 1988, under which the latter was to locate tenants for certain property owned by herself and Mr. Gail-

lard. (Mrs. Gaillard also signed her husband's name to this agreement, but he asserts that she did so without his permission.) The agreement specified that the appellee was to receive one-twelfth of the income from the rental of the property. Its summary judgment motion was based upon the following additional provision contained in the agreement: "If I sell the property to a tenant (or spouse of such tenant) obtained by you, either during the term of the lease or within 18 months thereafter, I will pay you as a commission 7 percent of the price for which the property is sold."

The appellee subsequently secured Mr. and Mrs. Alvarez as tenants for the property; and on December 15, 1988, Mrs. Gaillard signed her husband's name to a "residential rental agreement" with them. This rental agreement contained the following provision: "[The appellee] has acted as agent for the landlord in this transaction and is to be paid a commission by the landlord."

It is undisputed that the appellants paid the appellee one month's rent as required by the terms of the lease agreement and that they subsequently sold the property to the Alvarezes for $73,695 during the term of the lease or within 18 months thereafter. The appellee brought the present action against the appellants seeking to recover a seven percent commission on the sale in the amount of $5,158.65. The appellants denied liability, contending the appellee had made fraudulent misrepresentations to Mrs. Gaillard to induce her to sign the leasing agreement and that Mr. Gaillard was not bound by the agreement because he had not signed it and had not given his wife permission to sign on his behalf. The appellee moved for summary judgment based on the appellants' responses to certain requests for admissions, and the appellants opposed the motion based on their affidavits. The appellee subsequently moved the trial court not to consider the appellants' response to the motion for summary judgment on the ground that it was not timely filed. However, in its order granting the motion, the trial court indicated that it would have ruled in favor of the appellee "regardless of whether it did or did not consider defendants' brief filed in opposition to the motion for summary judgment." At the request of the appellants, the trial court also entered findings of facts and conclusions of law supporting its decision. This appeal followed.

1. The appellants contend that the trial court erred in disregarding as untimely both their brief and affidavits submitted in response to the motion for summary judgment and their request for oral argument on the motion. Rule 6.2 of the Uniform State Court Rules provides: "[E]ach party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion." Rule 6.3 provides: "[O]ral argument on any motion for summary judgment shall be permitted upon written request if such request is made not later then five (5)

days after the time for response." The record before us reflects that the appellee's motion for summary judgment was served by mail on July 12, 1990, and that the appellants' response was not filed until August 20, 1990. The written request for oral argument was filed four days later, on August 24, 1990. It follows that their contention is without merit. Accord *Thompson v. Tom Harvey Ford Mercury*, 193 Ga. App. 64 (387 SE2d 28) (1989); *Medders v. Commodore Fin. Svc. Corp.*, 190 Ga. App. 618 (1) (379 SE2d 561) (1989).

2. " 'When the movant for summary judgment presents evidence which shows that there is no genuine issue of material fact, the movant has met his burden, and the burden then shifts to the other party to present any alternative theories, if such exist, . . . within which genuine issues of fact remain.' [Cit.]" *Savannah Bank &c. Co. v. Weiner*, 193 Ga. App. 616, 617 (2) (388 SE2d 725) (1989). As to Mrs. Gaillard, her admission that she signed the contract, in the absence of any admissible evidence of fraud, was sufficient to negate any material issue of fact. With regard to Mr. Gaillard, his admission to having paid monies pursuant to the contract was sufficient to establish without dispute that he subsequently ratified it by performance and was therefore bound by its terms. Accord *Cooper v. G. E. Constr. Co.*, 116 Ga. App. 690 (3) (158 SE2d 305) (1967). Accordingly, the trial court did not err in concluding that no material issue of fact existed as to the enforceability of the contract.

3. The appellee has moved for imposition of damages against the appellants pursuant to OCGA § 5-6-6 for filing a frivolous appeal. Although we find no merit in the appeal, we do not find it so devoid of arguable merit as to warrant the conclusion that it was filed for delay only. Accordingly, the motion is denied.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur as to Division 2 and in the judgment.*

DECIDED NOVEMBER 22, 1991 —
RECONSIDERATION DENIED DECEMBER 19, 1991 —

*David R. Wininger*, for appellants.

*Ford & Harrison, Chad A. Shultz, F. Carlton King, Jr.*, for appellee.