**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 4, 2015**

# In the Court of Appeals of Georgia

A14A2124.   WHITE   v.   MULTIBANK   2009-1   RES-ADC   VENTURE, LLC.

MILLER, Judge.

Tina White appealed from the grant of summary judgment and entry of final judgment to Multibank 2009-1 RES-ADC Venture, LLC in its suit to collect on a promissory note. After White filed her appeal, Multibank filed a motion for supersedeas bond, which the trial court granted. White then filed this appeal and withdrew her first appeal.

1. White contends only that the trial court erred in granting summary judgment without conducting a hearing despite her request for one. Her claim is without merit because the undisputed evidence shows that her request for a hearing was untimely.

Rule 6.3 of the Uniform Superior Court Rules provides: "Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict. However, oral argument on any motion for summary judgment shall be permitted upon written request *if such request is made not later than five (5) days after the time for response.*" (Emphasis supplied.) Pursuant to Uniform Superior Court Rule 6.2, a party opposing a motion shall serve and file a response no later than 30 days after service of the motion.

In this case, Multibank filed its motion for summary judgment on October 29, 2013 and attached a certificate of service showing that White's counsel was served by mail. White did not respond to Multibank's motion or request oral argument until January 27, 2014, almost three months after Multibank served its motion. Based on the undisputed evidence showing that White's request for oral argument was untimely, there is no merit to White's claim that the trial court erred in granting summary judgment without oral argument. See, e.g., *Thompson v. Tom Harvey Ford Mercury, Inc.*, 193 Ga. App. 64 (387 SE2d 28) (1989).

2. Since the applicable law is unquestionably clear and this appeal has no arguable merit, we conclude that this appeal was brought only for the purposes of

delaying enforcement of the judgement against White and is therefore frivolous. Pursuant to Court of Appeals Rule 15 (b), we impose a sanction of $500, not against White herself, but against her attorney for pursuing this appeal.[1] See *Rivers v. Almand*, 241 Ga. App. 565, 567 (2) (527 SE2d 572) (1999); see also *Shamsai v. Coordinated Properties, Inc.*, 259 Ga. App. 438, 440 (2) (576 SE2d 901) (2003) ("[D]amages for delay are especially appropriate where the underlying action, like this one, involves a collection action.") (citation omitted). Upon receipt of the remittitur, we direct the trial court to impose upon counsel for White a penalty of $500.

*Judgment affirmed with direction. Doyle, P. J., and Dillard, J., concur.*

---

[1] Court of Appeals Rule 15 (b) provides: "[t]he panel of the Court ruling on a case, with or without motion, may by majority vote impose a penalty not to exceed $2,500 against any party and/or party's counsel in any civil case in which there is [an] appeal . . . determined to be frivolous."