**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 21, 2024**

# In the Court of Appeals of Georgia

A24A0056. ANDERSON v. KAYE et al.

WATKINS, Judge.

Precious Anderson appeals from the final judgment entered against her following a bench trial awarding money damages to her former attorneys Scott Kaye and Holly Hughes on a theory of quantum meruit. Kaye and Hughes (collectively "Counsel") sued Anderson alleging she owed them unpaid attorney fees from representation in multiple domestic litigation matters. On appeal, Anderson argues that the trial court erred in finding the statute of limitation had not run on Counsel's claims and in ruling that Counsel were not judicially estopped from seeking more fees than had previously been awarded in the underlying domestic litigation. For the reasons set forth below, we vacate the trial court's order and remand with instruction.

Georgia law provides that

[o]n an appeal from an entry of judgment following a bench trial, we apply a de novo standard of review to any questions of law decided by the trial court, but will defer to any factual findings made by that court if there is any evidence to sustain them. Nevertheless, if the trial court makes a finding of fact which is unsupported by the record, that finding cannot be upheld, and any judgment based upon such a finding must be reversed.[1]

So viewed, the record shows that in July 2016, Anderson first retained Counsel to represent her in obtaining a temporary protective order against her ex-husband ("TPO Litigation"). Subsequently in 2016, Counsel served as her attorneys in litigation against her ex-husband in which both parties sought to modify issues from their prior divorce as well as seek contempt against each other ("Modification Litigation"). The record does not contain an executed retainer agreement between Anderson and Counsel.[2]

After obtaining favorable results for Anderson in the Modification Litigation, Counsel moved for attorney fees on Anderson's behalf against the ex-husband. While

---

[1] (Citation and punctuation omitted.) *Sanders v. TD Auto Finance, LLC*, 366 Ga. App. 376, 378 (883 SE2d 53) (2023).

[2] Counsel contends that there was an executed agreement but that they inadvertently failed to maintain a copy. Anderson testified that she executed an agreement for the representation in the TPO Litigation, but not the Modification Litigation.

that motion was pending, Anderson's ex-husband appealed the trial court's order in the Modification Litigation, and Counsel represented Anderson throughout the appeal. This Court affirmed the trial court; the Supreme Court of Georgia denied the ex-husband's petition for certiorari; and the case was remanded to the trial court. In 2018, once back before the trial court, Anderson — who is an attorney — proceeded pro se seeking to recover fees she incurred through Counsel's representation of her prior to Counsel's appellate work in the amount of $79,837.50 as well as $4,221.11 in expenses. In 2020, in the Modification Litigation, the trial court awarded $42,000 in attorney fees to be paid by the ex-husband to Anderson directly, not to Counsel. After receiving the award, Anderson only made a few small payments to Counsel.

In August 2021, Counsel sued Anderson for unpaid attorney fees by bringing a suit on an open account, alleging a breach of contract, and alternatively seeking to recover the fees on a theory of quantum meruit.[3] Anderson answered and asserted expiration of the statute of limitation as an affirmative defense. Counsel served discovery requests on Anderson, but not all of her responses are in the record. During

---

[3] Counsel also sought through this litigation to foreclose on an attorney-fee lien they had filed. The trial court denied that relief, and Counsel have not appealed that ruling.

a bench trial, however, Anderson admitted that she had served a verified interrogatory response which stated that she was withdrawing her statute of limitation defense. Anderson never amended her answer to withdraw this defense. Despite the discovery response she served, Anderson testified at trial that she intended to assert the expiration of the statute of limitation as a defense. The trial court found Anderson liable for a total of $116,942.68 in attorney fees on a theory of quantum meruit. Anderson then appealed.

1. Anderson argues that the trial court erred in finding that the statute of limitation did not preclude Counsel's claim. We agree that at least some of Counsel's claims are time-barred.

Here, Counsel sought recovery of unpaid fees through claims of open account, breach of contract, and quantum meruit. The trial court heard conflicting evidence about whether a signed agreement existed between the parties but found that "[t]here is not a signed contract here." As there is some evidence to support this factual finding by the trial court following a bench trial, we will not disturb it.[4] Accordingly, Counsel

---

[4] "If there is any evidence to support the findings of fact by a trial court sitting without a jury, then the appellate court affirms without interference with or disturbing such factfindings." *Agricommodities, Inc. v. Moore*, 359 Ga. App. 1, 2 (854 SE2d 781) (2021) (citation and punctuation omitted).

cannot avail themselves of the six-year statute of limitation for breach of written contract claims.[5]

As to the remaining claims, the statutes of limitation for a suit on open account, breach of an oral contract, and quantum meruit are all four years.[6] "The true test to determine when a cause of action accrues is to ascertain the time when the plaintiff[s] could first have maintained [their] action to a successful result."[7] Here, the trial court granted Counsel their fees under a quantum meruit theory. Upon proceeding solely pursuant to quantum meruit, the trial court erroneously found that "[n]o amount owed to [Counsel] is barred by any statute of limitation. . . . This case was brought well within the applicable statute of limitation." Here, Counsel's work for Anderson for which it seeks compensation began in 2016, and their lawsuit was filed in 2021 and served in 2022. Some of the charges sought to be recovered were not pursued within four years of accrual of the claim and thus, are time-barred.[8]

---

[5] See OCGA § 9-3-24.

[6] See OCGA §§ 9-3-25; 9-3-26.

[7] *Travis Pruitt & Assocs., P.C. v. Bowling*, 238 Ga. App. 225, 226 (1) (518 SE2d 453) (1999).

[8] Anderson states in her brief that fees she owed to attorney Kaye that were incurred after July 2017 are not time-barred, but claims all of the services by attorney

Counsel argues that the statute of limitation does not preclude their claim for two reasons. First, Counsel contends that Anderson withdrew her statute-of-limitation defense. We disagree. In her Answer, Anderson asserted the affirmative defense of the expiration of the statute of limitation. Although her verified interrogatory responses are not in the record, Anderson does not dispute that in such responses she stated that she was withdrawing this defense. She testified that even though she is a lawyer and even though she reviewed the responses before verifying them that she "did not catch that." Anderson does not claim that she ever amended these responses, however, during trial, Anderson testified that she was not withdrawing this defense.

While we do not countenance this sort of "sandbagging," Anderson's discovery response did not operate as a formal withdrawal of her defense. Counsel is correct that Georgia law provides that "[w]ithout offering the same in evidence, either party may avail himself or herself of allegations or admissions made in the pleadings of the

---

Hughes were provided no later than April 2017 and, therefore, are time barred. We express no opinion on the accuracy of this concession.

other."[9] Interrogatory responses, however, are not a pleading as defined by Georgia law.[10]

Counsel are also correct that Georgia law holds that "[f]actual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them."[11] But as stated previously, interrogatory responses are not a pleading, and there was no pre-trial order with representations made by the parties in this case.

Further, contrary to Counsel's contention, Anderson was not legally estopped from asserting the affirmative defense pursuant to OCGA § 24-14-26. That statute provides that "[c]onclusive presumptions of law are termed estoppels; averments to the contrary of such presumptions shall not be allowed. Estoppels are not generally

---

[9] OCGA § 24-8-821.

[10] See OCGA § 9-11-7 (a) ("Pleadings. There shall be a complaint and an answer; a third-party complaint, if a person who is not an original party is summoned under Code Section 9-11-14; and a third-party answer, if a third-party complaint is served. There may be a reply to a counterclaim denominated as such and an answer to a cross-claim, if the answer contains a cross-claim. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.").

[11] (Citations and punctuation omitted.) *Hill v. Bd. of Regents of the Univ. System of Ga.*, 351 Ga. App. 455, 465-466 (3) (829 SE2d 193) (2019).

7

favored."[12] It then includes in the definition of estoppels "[s]olemn admissions made in judicio" and "[a]dmissions upon which other parties have acted, either to their own injury or to the benefit of the persons making the admissions."[13] Anderson's interrogatory response, however, is not treated by the law as a solemn admission in judicio as it would have been if in a response to a request for admission pursuant to OCGA § 9-11-36.[14]

To the extent Counsel argues that Anderson is estopped from withdrawing the defense because her interrogatory response was an "[a]dmission[] upon which [they]

---

[12] OCGA § 24-14-26 (a).

[13] OCGA § 24-14-26 (b) (7) - (8).

[14] See *Robinson v. Global Resources, Inc.*, 300 Ga. App. 139, 140 (684 SE2d 104) (2009) ("Thus, matters deemed admitted under [OCGA § 9-11-36] become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion.") (citation and punctuation omitted); see also *Honester v. Tinsley*, 183 Ga. App. 146, 147-148 (2) (358 SE2d 295) (1987) (rejecting appellant's argument that a response given by the opposing party to discovery requests that included requests to admit and interrogatories was a judicial admission incapable of contradiction because the statement was actually an interrogatory response); *Stone v. Lenox Enterprises, Inc.*, 176 Ga. App. 696, 698 (1) (337 SE2d 451) (1985) (holding that serving an interrogatory response which contradicted a matter deemed admitted by failing to timely respond to a request to admit did not eliminate the conclusive effect of the admission).

have acted, either to their own injury or to the benefit of [Anderson,]" Counsel has not demonstrated how the interrogatory response caused them to act to their detriment or Anderson's benefit. They have not identified how they would have litigated the case differently if they knew Anderson was relying on the affirmative defense. For instance, they do not identify evidence they would have introduced to overcome a statute of limitation defense had they realized they needed to do so.[15]

We do not suggest that litigants are powerless when the opposing party takes a surprising position at trial that is inconsistent with verified interrogatory responses. Indeed, "[t]he rules of discovery, under our Civil Practice Act, are designed to narrow and clarify the issues and to remove the potential for secrecy and hiding of material[.]"[16] Upon motion by a party, our law allows for sanctions of varying degrees when inaccurate, incomplete, or intentionally misleading discovery responses create

---

[15] Cf. *Walker v. Sutton*, 222 Ga. App. 638, 639 (1) (476 SE2d 34) (1996) (holding that the plaintiff had detrimentally relied on defendant's representations in his interrogatory responses, answer, and pretrial order that he was the owner of a truck and employer of the driver involved in an auto accident because, by the time the defendant claimed otherwise, the statute of limitation had run and the plaintiff would have been unable to sue anyone else for this claim).

[16] *Hanna Creative Enterprises, Inc. v. Alterman Foods, Inc.*, 156 Ga. App. 376, 378 (2) (274 SE2d 761) (1980).

surprise at trial.[17] Here, however, Counsel cross-examined Anderson about her changed position, but never moved for any relief in the form of sanctions from the trial court. Had Counsel done so, the trial court could have exercised its discretion to determine what, if any, sanctions to impose.[18]

Second, Counsel argues that the statute of limitation did not expire because it was renewed each time Anderson made a partial payment on her account. Counsel

[17] See, e. g., *Dunwoody Obstetrics & Gynecology, P.C. v. Franklin*, 363 Ga. App. 90, 94-95 (1) (870 SE2d 592) (2022) ("[W]here a party provides a false or deliberately misleading discovery response, a trial court is not limited to a continuance for a discovery sanction. We allow more stringent sanctions for a deliberately misleading discovery response because when a party receives a substantive answer to a discovery request, they are entitled to believe that answer. While some of the available discovery sanctions may appear harsh, a litigant will not be heard to contend that its own conduct has removed it beyond the reach of sanctions, when it has frustrated the orderly process prescribed in OCGA § 9-11-37 by false or erroneous responses to interrogatories. To condone such conduct would force parties to assume the falsity of every sworn interrogatory response and file endless motions preserving their right to relief. . . . As such, where a party has provided false or intentionally misleading responses to written discovery . . . , the aggrieved party may seek sanctions for the same, as allowing such hidden evidence to be admitted at trial simply because it has some probative value rewards and encourages deceptive behavior.") (citations and punctuation omitted).

[18] See id. at 92 (1) ("A trial court has broad discretion to control discovery, including the imposition of sanctions, and the appellate court will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion.") (citation and punctuation omitted).

relies on OCGA § 9-3-112 for this claim, which provides that, "[a] payment entered upon a written evidence of debt by the debtor or upon any other written acknowledgment of the existing liability shall be equivalent to a new promise to pay." That Code section, however, is inapplicable to the facts of this case. Georgia law provides that

> each new promise to pay constitutes a new point from which the statute of limitation[ ] begins to run, provided two conditions are met. Specifically, the acknowledgment of the debt must be communicated to the creditor and it must sufficiently identify the debt or afford the means by which the debt might be identified with reasonable certainty.[19]

In the case of *SKC, Inc. v. eMAG Solutions*,[20] this Court detailed the evidence which has previously been deemed adequate to trigger the statute of limitations revival permitted by OCGA § 9-3-112 and its predecessors.

> In *Middlebrooks* [*v. Cabaniss*],[21] a debtor had made payments on a promissory note by checks made payable to the creditor and bearing the notation, "payment on my note" or expressions of the same import.

---

[19] (Citation and punctuation omitted.) *SKC, Inc. v. eMAG Solutions, LLC*, 326 Ga. App. 798, 801 (1) (755 SE2d 298) (2014).

[20] 326 Ga. App. 798, 801-802 (1) (2014).

[21] 193 Ga. 764, 768(1) (20 SE2d 10) (1942).

Given these facts, and because the debtor had only one note with the creditor, the Georgia Supreme Court found that the checks represented a series of new promises to pay. Similarly, in *Garrett* [*v. Lincoln Cemetary*],[22] an accountant sued to recover for amounts owed on an audit the accountant had performed for the defendant. The trial court granted judgment in favor of the defendant, finding that because the debt had accrued more than four years earlier the action was barred by the statute of limitation. We reversed, noting that in the four years before suit was filed the defendant had made payments on the debt by check. On one check the defendant had written "Legal & Audit on Acct.," and on the other it had written "Defendant's Bal. $6,500." Because the defendant only had one account with the plaintiff, we found that the checks represented a new promise to pay and renewed the running of the limitation period.

In [the *SKC* case], [the creditor] presented evidence showing that [the debtor] had accrued a debt in excess of $300,000 to [the creditor], had acknowledged that debt in writing, and had agreed in writing to make monthly payments on the debt. [The creditor] also presented additional documentary evidence demonstrating the debt and [the debtor's] acknowledgment of the same, including [the creditor's] business records of [the debtor's] account and printouts from [the creditor's] bank evidencing the monthly wire transfer payments made by [the debtor] over an approximately six-year period. Additionally, each of the printouts evidencing [the debtor's] wire transfer payments contain[ed] a notation

---

[22] 148 Ga. App. 744 (252 SE2d 650) (1979).

from [the debtor] indicating that the payment was to be applied to the debt on its account. The evidence further show[ed] that [the debtor] had only one account with [the creditor].[23]

The above recited facts are markedly different than the ones present here. Counsel has pointed us to nowhere in the record, and we have found nothing ourselves, demonstrating an acknowledgment by Anderson of her debt coupled with the de minimus partial payments she made. Accordingly, Counsel has not established that Anderson's partial payments acted to revive the statute of limitation.

2. Anderson contends that Counsel are judicially estopped from seeking fees greater than those awarded against her husband to her in the Modification Litigation. Anderson misstates how judicial estoppel functions, but nonetheless, this argument was waived.

Anderson requested more than $79,000 of fees she incurred through Counsel's representation of her in the Modification Litigation prior to the appeal, but the trial court ordered her ex-husband to pay her, not Counsel, $42,000. Anderson now argues that Counsel is judicially estopped from recovering fees in an amount greater than

---

[23] (Citations and punctuation omitted.) *SKC, Inc.*, 326 Ga. App. at 802 (1).

$42,000. We need not reach the merits of this claim because Anderson waived this affirmative defense by failing to assert it in her Answer.[24]

Accordingly, the trial court erred in finding that none of Counsel's claims for attorney fees are time-barred. The record does appear to reflect that some work was performed on Anderson's behalf within the four-year statute of limitation. We vacate the trial court's order and remand this case for the trial court to determine which fees are recoverable within the four-year statute of limitation.

*Judgment vacated and case remanded with instruction. Doyle, P. J., and Hodges, J., concur.*

---

[24] See *Whiten v. Murray*, 267 Ga. App. 417, 423 (2) n.11 ( 599 SE2d 346) (2004) ("We note that the appellees did not raise the affirmative defense of judicial estoppel in their answer. If an affirmative defense is not pled in the answer, it is waived.").